## Richmond

CITY OF WAYNESBORO, SHERIFF'S DEPARTMENT, ET AL.

V.

EDGAR G. HARTER

September 11, 1981.

Record No. 801256.

Present: All the Justices.

*Douglas Leigh Buynn (M. Bruce Wallinger; Wharton, Aldhizer & Weaver,* on briefs), for appellants.
*A. Lee McGratty (Ajemian & McGratty,* on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

In this appeal from the Industrial Commission, we are called on to interpret Code § 65.1-47.1[1] which creates a rebuttable presumption that certain illnesses contracted by firemen and policemen are to be considered occupational diseases suffered in the line of duty, unless the employee proves otherwise.

The claimant, Edgar G. Harter, started work as a deputy sheriff for the City of Waynesboro in September, 1976. The City, at that time, did not require a physical examination as a precondition of employment, and no examination of Harter was conducted by the City.[2]

On February 1, 1979, while on duty, Harter suffered a heart attack. He returned to part-time employment in April of 1979 and to full-time work in May of the same year. Harter filed a claim for workmen's compensation, alleging his heart attack was an occupational disease and relying on the presumption provided by § 65.1-47.1 to prove his case. The hearing commissioner, on March

---

[1] The text of the statutes considered in this appeal are set out in the appendix to this opinion.

[2] Harter, at his hearing, produced evidence of a physical examination given by *his* doctor prior to Harter's starting employment. The City produced no evidence at the hearing.

14, 1980, ruled Harter was entitled to benefits and the decision was affirmed by the full Commission.

The City contended below and argues here that Harter was not entitled to the benefit of the statutory presumption and did not otherwise prove his heart condition was work-related. It points to the part of § 65.1-47.1 which reads:

> provided that prior to making any claim based upon such presumption, . . . such deputy sheriff, . . . shall have been found free from . . . heart disease, . . . by a physical examination which shall include such appropriate laboratory and other diagnostic studies as . . . the county or city of which he is . . . deputy sheriff, shall prescribe and which shall have been conducted by physicians whose qualifications shall have been prescribed by such . . . governing body; . . . .

Since Harter did not have such an examination, the City argues the presumption does not apply.

Harter contends the construction urged on us by the City would nullify the effect of § 65.1-47.1. He asserts no employer would conduct physical examinations of its employees, and no one, therefore, would get the benefits of the presumption. Harter argues that, to avoid this result, the statute must be read as creating an affirmative duty on the employer to prescribe examinations.

■ Support for Harter's position is found in the language of the statute. As quoted above, it states the employer *"shall* prescribe" the physical examination the employee must undergo. (Emphasis added.) The word "shall" is generally used in its mandatory sense. *Schmidt* v. *City of Richmond,* 206 Va. 211, 218, 142 S.E.2d 573, 578 (1965).

Both parties use §§ 27.40.1 and 27.40.1:1 to buttress their arguments. Section 27-40.1 makes a statutory presumption of occupational disease available to firemen who make claims under local disability programs. The language of this section mirrors and, in fact, formed the basis for § 65.1-47.1. *Berry* v. *County of Henrico,* 219 Va. 259, 264, 247 S.E.2d 389, 392 (1978). Subsequent to the enactment of § 27-40.1, the General Assembly passed § 27-40.1:1 which mandates that localities provide physical examinations to new fire fighters and states fire fighters will be entitled to the presumption if the examination is not given.

The City argues that in enacting § 27-40.1:1 the General Assembly clearly and unambiguously mandated physical examinations for fire fighters, and, if it wished to do the same with respect to § 65.1-47.1, it would have used the same language. Rebutting this, Harter correctly points out that § 27-40.1:1 refers to the examination "required by § 27-40.1." If § 27-40.1 makes an examination mandatory on the part of the City, § 65.1-47.1, which contains the same language, must contain the same mandate.

Early workmen's compensation laws provided relief only to the worker injured by accident on the job. Over the years, it was learned that the dangers of the work place are not confined to accidents, and the concept of occupational disease emerged. When there is a direct causal connection between the conditions under which the work is performed and the disease, compensation may be awarded. Code § 65.1-46.

Possibly no employees are subjected to more stress than fire fighters and law enforcement officers. While it is known that stress can have an adverse impact on one's health, it is difficult to conclusively link stress to heart disease in an individual case.[3] Recognizing this, and taking into account the important role performed by these public servants, the General Assembly, along with legislatures in many states, enacted the presumption found in § 65.1-47.1.

The interpretation urged on us by the City would eviscerate § 65.1-47.1 and defeat the obvious legislative intent. Not only would it give the employer the ability to defeat the statutory presumption, but it would also discourage municipalities from giving pre-employment physical examinations. The public has an interest in seeing that fire fighters and police are physically qualified for the job.

Therefore, we hold Code § 65.1-47.1 required the City to conduct the prescribed examination, and, when it failed to do so, Harter was entitled to the presumption that his heart attack was an occupational disease suffered in the line of duty. Since the City failed to produce evidence to rebut the presumption, we will affirm the award made to Harter by the Commission.

*Affirmed.*

---

[3] We are not concerned here with a case of heart attack brought on by exertion. *See Mallory & Co. v. Phillips,* 219 Va. 845, 252 S.E.2d 319 (1979); *Lilly v. Shenandoah's Pride Dairy,* 218 Va. 481, 237 S.E.2d 786 (1977).

## APPENDIX

**§ 65.1-47.1. Presumption as to death or disability from respiratory disease, hypertension or heart disease.** — The death of, or any condition or impairment of health of, salaried or volunteer fire fighters caused by respiratory diseases, and the death of, or any condition or impairment of health of, salaried or volunteer fire fighters, or of any member of the State Police Officers Retirement System, or of any member of a county, city or town police department, or of a sheriff, or of a deputy sheriff, or city sergeant or deputy city sergeant of the city of Richmond, caused by hypertension or heart disease, resulting in total or partial disability shall be presumed to be an occupational disease suffered in the line of duty that is covered by this act unless the contrary be shown by a preponderance of competent evidence; provided that prior to making any claim based upon such presumption, such salaried or volunteer fire fighter shall have been found free from respiratory diseases, hypertension or heart disease, as the case may be, or such member of the State Police Officers Retirement System, or such member of a county, city or town police department, or such sheriff, or such deputy sheriff, or city sergeant or deputy city sergeant of the city of Richmond, shall have been found free from hypertension or heart disease, as the case may be, by a physical examination which shall include such appropriate laboratory and other diagnostic studies as the appointing authority or as the governing body employing such person, in the case of a sheriff or deputy sheriff, or city sergeant or deputy city sergeant of the city of Richmond, the county or city of which he is sheriff or deputy sheriff, shall prescribe and which shall have been conducted by physicians whose qualifications shall have been prescribed by such appointing authority or by such governing body; and provided further, that any such fire fighter, law-enforcement officer, sheriff, or deputy sheriff, or city sergeant or deputy city sergeant of the city of Richmond, or, in the case of his death, any person entitled to make a claim under this act, claiming the benefit of such presumption shall, if requested by such appointing authority or by such governing body or its authorized representative submit himself, in the case of a claim for disability benefits, to physical examination by any physician designated by such appointing authority or by such governing body which examination may include such tests or studies as may reasonably be prescribed by the physician so designated or, in the case of a claim for death benefits,

submit the body of the deceased fire fighter, law-enforcement officer, sheriff, or deputy sheriff, or city sergeant or deputy city sergeant of the city of Richmond, to a postmortem examination to be performed by the medical examiner for the county, city or town appointed under § 32-31.16. Such fire fighter, law-enforcement officer, sheriff, or deputy sheriff, or city sergeant or deputy city sergeant of the city of Richmond, or claimant shall have the right to have present at such examination, at his own expense, any qualified physician he may designate. (1976, c. 772; 1977, c. 620; 1978, c. 761.)

**§ 27-40.1. Presumption as to death or disability from respiratory diseases, hypertension or heart disease.** — The death of, or any condition or impairment of health of salaried or volunteer fire fighters caused by respiratory diseases, hypertension or heart disease resulting in total or partial disability shall be presumed to have been suffered in the line of duty unless the contrary be shown by a preponderance of competent evidence; provided that prior to making any claim based upon such presumption for retirement, sickness or other benefits on account of such death or total or partial disability, such salaried or volunteer fire fighters shall have been found free from respiratory diseases, hypertension or heart disease, as the case may be, by a physical examination which shall include such appropriate laboratory and other diagnostic studies as such governing body shall prescribe and which shall have been conducted by physicians whose qualifications shall have been prescribed by such governing body; and provided, further, that any such fire fighter or, in the case of his death, any person entitled to make a claim for such benefits, claiming that his death or disability was suffered in the line of duty shall, if requested by such governing body or its authorized representative, submit himself, in the case of claim for disability benefits, to physical examination by any physician designated by such governing body, which examination may include such tests or studies as may reasonably be prescribed by the physician so designated or, in the case of a claim for death benefits, submit the body of the deceased fire fighter to a postmortem examination to be performed by the medical examiner for the county, city or town appointed under § 32-31.16. Such fire fighter or claimant shall have the right to have present at such examination, at his own expense, any qualified physician he may designate. (1964, c. 216; 1972, c. 607; 1973, c. 543; 1976, c. 772; 1977, c. 326; 1978, c. 768).

**§ 27-40.1:1. Performance of physical examinations required by § 27-40.1.** — Any county, city or town providing death, retirement, sickness or other benefits pursuant to the authority granted by § 27-39, or pursuant to any other provision of law or the charter of any city or town, or otherwise, shall do so exclusive of, and without regard to, any such benefits paid or payable out of the general fund of the State treasury pursuant to § 15.1-136.1 et seq. and shall by ordinance make provision for the employment of physicians and the performance of the physical examination required by § 27-40.1 and shall cause such examination to be made within ninety days after June first, nineteen hundred seventy-three, of every fire fighter in its service or the service of a political subdivision with which it has contracted for fire protection and of every fire fighter entering upon such service thereafter at the time of such entry, provided however, that any fire fighter employed by any such county, city or town which failed to cause such physical examination to be made on or before January one, nineteen hundred seventy-six, for any fire fighter employed prior to January one, nineteen hundred seventy-six, in its service or the service of a political subdivision with which it has contracted for fire protection shall be presumed to have been found free from respiratory disease, hypertension or heart disease as if such fire fighter had been examined pursuant to § 27-40.1. Such presumption shall also apply to the benefit of any fire fighter entering upon such service on or after January one, nineteen hundred seventy-six, unless said county, city or town shall cause such examination to be made of such fire fighter within ninety days after July one, nineteen hundred seventy-six. Every fire fighter entering upon such service on or after October one, nineteen hundred seventy-six, and thereafter, shall be entitled to the benefit of such presumption unless such county, city or town shall cause such examination to be made of such fire fighter at the time of such entry. (1973, c. 543; 1976, c. 772; 1977, c. 326.)