297 S.E.2d 805 (1982)
COUNTY OF AMHERST BOARD OF SUPERVISORS, Et Al.
v.
Henry L. BROCKMAN.
Record No. 812077.
Supreme Court of Virginia.
December 3, 1982.
*806 William B. Pierce, Jr., Richmond, for appellants.
J. Michael Gamble, Amherst (Donald G. Pendleton, Pendleton & Gamble, Amherst, on brief), for appellee.
Before CARRICO, C.J., and COCHRAN, POFF, COMPTON, THOMPSON, STEPHENSON and RUSSELL, JJ.
*807 COCHRAN, Justice.
In this workmen's compensation case, the Industrial Commission made an award of benefits under Code § 65.1-47.1[1] for disability resulting from a heart attack. On appeal, the employer and its insurer contend that the Commission erred in its rulings that the claimant was entitled to the rebuttable presumption established by § 65.1-47.1, that the claim was not barred by the statute of limitations, and that the presumption was not rebutted.
Henry L. Brockman, Chief Investigator in the Sheriff's Department of Amherst County, had been employed by that Department since 1968. On July 2, 1976, after having experienced chest pains for four days, he was admitted to a hospital in Lynchburg for treatment of a myocardial infarction. After receiving treatment there and in the Duke University Hospital, Brockman, on the advice of his treating physician, Dr. Charles Sackett, returned to work in September of 1976, and continued to work until February 10, 1981, when he suffered another heart attack. He has not returned to work, and in May of 1981 he filed a claim for benefits against his employer, the Board of Supervisors of Amherst County, which was insured by Early Settlers Insurance Company (collectively, the employer).
Brockman had not been given a physical examination conducted and sponsored by his employer before either heart attack. His medical record shows that he had diabetes and hypertension prior to the 1976 attack.
The employer contends that the presumption of § 65.1-47.1 is inapplicable because there was no employer-sponsored physical examination of Brockman and the employer had no opportunity to have him examined after the statute became effective on July 1, 1976. In City of Waynesboro v. Harter, 222 Va. 564, 281 S.E.2d 911 (1981), we held that the employer is required to provide the physical examination and failure to do so will entitle the employee to the presumption. The claimant in Harter had been employed some two months after the effective date of § 65.1-47.1, but no physical examination had been provided for him by his employer. We observed that if the employer were not held to an affirmative duty to provide the examination, the presumption could be successfully defeated by the employer in frustration of the legislative intent. Id. at 567, 281 S.E.2d at 913.
Thus, under Harter, the failure of the employer in this case to conduct the examination required by § 65.1-47.1 may not be used to avoid the presumption. The employer attempts to distinguish Harter on the basis that in that case the employee was first employed two months after the effective date of the act in 1976 and did not suffer a heart attack until 1979. Therefore, argues the employer, in Harter there was sufficient notice of and an adequate opportunity to perform the required examination; in this case, by contrast, Brockman suffered a heart attack one day after the effective date of the Act.
These distinctions do not compel a different result. Any suggestion that the employer here had insufficient notice to be bound by the statute on July 1, 1976, is unsupportable. Code § 65.1-47.1 was enacted by the General Assembly during its session which ended on March 13, 1976. Acts 1976, c. 772. The statute itself does not contain an effective date. Therefore, the statute became effective on the first day of the fourth month following the month of adjournment, which was July 1. Va.Const., Art. IV, § 13. The very purpose of this postponement of the operation of statutes was so that "people might be informed *808 of their contents before they became effective." City of Roanoke v. Elliott, 123 Va. 393, 401, 96 S.E. 819, 822 (1918).
The employer's argument that it had an inadequate opportunity to alter its practices in response to the new law is also unpersuasive. We agree with the employer that the required examination could not have been conducted after July 2, 1976, the date of the first heart attack. Brockman's hospitalization established that he suffered from heart disease from that date forward. There was no reason for the employer to conduct a physical examination after July 2 to determine what was a known fact; the employer was not required to perform a meaningless act.
The examination, however, could have been completed before July 2, 1976. The effective date of the statute, passed in March of 1976, was delayed by the Virginia Constitution "to allow litigants a reasonable time to acquaint themselves with provisions of statutes enacted at a given session in order that they may do whatever is necessary to protect their interests." Phipps, Adm'r. v. Sutherland, 201 Va. 448, 454, 111 S.E.2d 422, 426-27 (1959) (discussing earlier version of current constitutional provision). Although not bound by the statute until its effective date and under no duty to complete the required examination before that date, the employer, had it chosen to take precautions to avoid the presumption and protect its rights, clearly could have had Brockman, whom it had employed since 1968, examined before July 1, 1976.
The employer also had an opportunity, although admittedly limited, to examine Brockman after the effective date of the Actan examination could have been performed on July 1. Furthermore, there is no indication in the record that the employer had taken any steps to protect its rights under the new statute. No evidence was offered, for example, showing that plans were approved or considered, as of July 1, to conduct examinations thereafter. After the effective date of the statute, failure to provide for the physical examination was at the employer's risk and will not preclude Brockman from claiming the benefit of the presumption.
Several additional considerations support our conclusion that the statute must be given complete effect beginning on July 1, 1976. First, Code § 65.1-47.1 refers to the "death of, or any condition or impairment of health of ... any member of a county... police department." (Emphasis added). The statute thus contains language of general application, which indicates that its provisions should be applied comprehensively. See, e.g., Buenson Div. v. McCauley, 221 Va. 430, 433-35, 270 S.E.2d 734, 735-37 (1980); Allen v. Mottley Construction Co., 160 Va. 875, 887, 889-90, 170 S.E. 412, 417 (1933).
Second, the statute does not contain any language restricting its application. The employer would have us read a grace period into the statute. The statutory language, however, does not limit the presumption, as it easily could have done, to claims filed by persons who had been employed for at least a specified number of days after the passage of the Act and before the death, condition, or impairment on which the claim is based. We may not add to a statute language which the legislature has chosen not to include. See, e.g., Allen v. Mottley Construction Co., 160 Va. at 889-90, 170 S.E. at 417-18; Town of Danville v. Pace, 66 Va. (25 Gratt.) 1, 4-5, 26-27 (1874).
Third, Code § 65.1-47.1, as a part of the Workmen's Compensation Act, is remedial in naturea factor which further supports a construction of its terms which will give it full effect. See, e.g., Barker v. Appalachian Power Co., 209 Va. 162, 166, 163 S.E.2d 311, 314 (1968).
Finally, we note that in this case the effect of holding the employer bound by the statute is to make applicable a presumption which immeasurably strengthens the employee's case but does not necessarily determine the disposition of his claim. The establishment of any statutory deadline may result in hardship in certain instances, but the legislature decided, presumably after a consideration of all relevant factors, to enact § 65.1-47.1 without a grace period.
*809 The employer argues that, even if the presumption applies, Brockman's claim is barred by the statute of limitations, Code § 65.1-52.[2]Garrison v. Prince William Co., 220 Va. 913, 265 S.E.2d 687 (1980), is controlling as to this issue. The claimant in that case had been employed as a deputy sheriff in 1969 after taking a preemployment examination that did not disclose hypertension or heart disease. In 1975, he was informed by an examining physician that he had hypertension. After examining him in 1977, another doctor diagnosed hypertension; in 1978, the claimant filed his claim. We held that because the claimant had not been informed in 1975 that his hypertension arose out of and in the course of his employment, he had not received a diagnosis of an occupational disease within the meaning of § 65.1-52, and the two-year statute of limitations did not begin to run in 1975.
In the present case, Brockman's medical history shows that he suffered from diabetes and hypertension prior to July 2, 1976. Here, as in Garrison, there is no evidence that the claimant received a diagnosis that he suffered from hypertension that arose out of and in the course of his employment. Indeed, his treating physician, Dr. Sackett, was of opinion that his heart disease was not caused by his employment. Moreover, the doctor recommended that he return to work after the first heart attack.
The employer says that the effect of requiring such precise diagnostic communication to an employee will be to eliminate the statute of limitations because no doctor will give a positive diagnosis that hypertension or heart disease resulted from the claimant's employment. In the present state of medical science the employer's assertion may be correct, but this argument should be directed to the General Assembly which has determined to accord to firefighters and police officers, because of the dangerous nature of their work, preferential status when they claim workmen's compensation benefits for specific occupational diseases. We hold, therefore, that Brockman's claim is not time-barred.
Finally, the employer says that, even if the presumption applies and the claim is not barred by limitations, the presumption is rebutted by a preponderance of the competent medical evidence. The treating physician, Dr. Sackett, testifying by deposition, stated that Brockman suffered from coronary artery disease prior to July of 1976, that the heart attacks of July 2, 1976 and February 10, 1981, were caused by the coronary artery disease, and that the disease was not caused by Brockman's occupation. He conceded, however, that risk factors, such as diabetes mellitus, hypertension, obesity, smoking, "male sex," and stress, contribute to coronary artery disease, and that such risk factors could have been contributing causes to Brockman's "second heart attack." Another physician, Dr. Gordon K. Leonard, filed a report stating that he had treated Brockman for several years prior to July of 1981 for "mild hypertension," which was under control, and that Brockman never had coronary artery disease prior to July of 1976.
We held in Page v. City of Richmond, 218 Va. 844, 847-48, 241 S.E.2d 775, 777 (1978), that to rebut the presumption created by § 65.1-47.1 the employer must adduce competent medical evidence of a non-work-related cause of the disabling disease. It is not sufficient merely to present evidence that the disease was not caused by the claimant's employment.
In the present case, the deputy commissioner and the full commission on review adopted the "finding" of Dr. Leonard. The testimony of Dr. Sackett was to the contrary, but we do not agree with the employer's assertion in oral argument that if this testimony is not sufficient, no evidence can ever rebut the presumption. As the rebuttal *810 physician did not exclude stress as a possible "contributing cause" and the testimony concerning the existence of heart disease prior to July 2 of 1976 was conflicting, we cannot say as a matter of law that the Commission erred in ruling that the presumption was not rebutted.
Accordingly, we will affirm the award made to Brockman by the Commission.
Affirmed.
POFF, J., concurring in part and dissenting in part.
POFF, Justice, concurring in part and dissenting in part.
I concur in the conclusion that Brockman's claim was not time-barred. But, in my view, the statutory presumption was rebutted by a clear preponderance of the evidence. For that reason, I would reverse the award.
NOTES
[1] Code § 65.1-47.1 (Repl.Vol.1980) provides in pertinent part:

The death of, or any condition or impairment of health of ... any member of a county... police department ... caused by hypertension or heart disease, resulting in total or partial disability shall be presumed to be an occupational disease suffered in the line of duty that is covered by this act unless the contrary be shown by a preponderance of competent evidence; provided that prior to making any claim based upon such presumption, such [person] ... shall have been found free from hypertension or heart disease ... by a physical examination....
[2] Code § 65.1-52 (Repl.Vol.1980) provides in pertinent part:

The right to compensation under this chapter shall be forever barred unless a claim be filed with the Industrial Commission within three years for coal worker's pneumoconiosis and two years for all other occupational diseases after a diagnosis of an occupational disease is first communicated to the employee....