496 So.2d 923 (1986)
J.D. CUMBIE, Appellant,
v.
CITY OF MILTON and Adjusto, Inc., Appellees.
No. BJ-321.
District Court of Appeal of Florida, First District.
October 28, 1986.
Rehearing Denied November 21, 1986.
Paula G. Drummond, Pensacola, for appellant.
James N. McConnaughhay and David A. McCranie of Karl, McConnaughhay, Roland, Maida & Beal, Tallahassee, for appellees.
THOMPSON, Judge.
Claimant appeals an order denying his claim for workers' compensation benefits. We affirm.
Claimant contends the deputy commissioner erred in finding that because he did not undergo a physical examination upon entering his employment as a fireman, he was not entitled to the statutory presumption of § 112.18, Fla. Stat. Section 112.18 provides that any condition or impairment of health of any fireman caused by tuberculosis, heart disease or hypertension and resulting in total or partial disability or death shall be presumed to have been accidental and suffered in the line of duty unless the contrary be shown by competent *924 evidence. As an apparent quid pro quo for granting this presumption to firemen the legislature further provided, "However, any such fireman shall have successfully passed a physical examination upon entering into any such service as a fireman, which examination failed to reveal any evidence of any such condition." § 112.18(1), Fla. Stat.
The claimant did not undergo a physical examination upon entering employment as a fireman for the City of Milton. The statute creating the presumption is very clear and unambiguous and requires a physical examination upon entering into any service as a fireman as a prerequisite to entitlement to the presumption. A physical examination prior to receiving the benefit of the presumption is a reasonable requirement in order to determine if any of the conditions covered by the statute existed prior to employment. It is not the function of an appellate court to amend, repeal or disregard the clear and unambiguous language of a statute, even if the result may appear inequitable and the wisdom of its enactment questionable. Citizens v. Public Service Commission, 435 So.2d 784 (Fla. 1983); Good Housekeeping Gas Company v. Kitler, 492 So.2d 700 (Fla. 1st DCA 1986). The enactment, repeal or modification of a legislative act is the sole prerogative of the legislature.
AFFIRMED.
SHIVERS, J., concurs.
ERVIN, J., dissents.
ERVIN, Judge, dissenting.
In November 1984, following the recommendation of claimant's treating physician that claimant's hypertension and arteriosclerotic heart disease prevented him from carrying out his duties as fire chief of the City of Milton, claimant retired, and brought his claim for compensation benefits pursuant to section 112.18(1). The parties agree that without the presumption contained in the statute, claimant would not be entitled to benefits.
Section 112.18[1] states in part:
(1) Any condition or impairment of health of any Florida municipal, county, port authority, special tax district, or fire control district firemen caused by tuberculosis, heart disease or hypertension resulting in total or partial disability or death shall be presumed to have been accidental and to have been suffered in the line of duty unless the contrary be shown by competent evidence. However, any such fireman shall have successfully passed a physical examination upon entering into any such service as a fireman, which examination failed to reveal any evidence of any such condition.

(e.s.) The deputy, relying upon the literal language of the proviso or exception to the preceding statutory presumption of section 112.18(1), held that because claimant had failed to take a physical examination immediately upon entering into service as a fireman with the city in 1964, he was thereby barred from the presumptive effect of the statute. The deputy so held regardless of the fact that the city, at the time of claimant's employment, had no policy requiring pre-employment physical examinations, and the first city-sponsored examination, taken nearly two years after claimant's entry into service, then revealed no evidence of hypertension. In fact, the first diagnosis of his having a hypertensive condition occurred in April 1982, when he was hospitalized with complaints of chest pains, nausea, and fatigue. The deputy, citing City of Melbourne v. Anderson, IRC Order 2-3553 (1978), held, "The fact that he had passed later physician examinations does not act to revive the presumptive effect of the statute."
Earlier decisions of the Florida Industrial Commission certainly have no binding, precedential effect on this court's deliberations, and this conclusion is particularly *925 true in those situations where the decision of the agency involves an interpretation of law. It has long been recognized that because the adjudication of questions of law is a judicial prerogative, the administrative exercise of such power is reviewable by a court of competent jurisdiction. State ex rel. Vining v. Florida Real Estate Commission, 281 So.2d 487 (Fla. 1933); State ex rel. Williams v. Whitman, 116 Fla. 196, 150 So. 136 (1933). With little analysis, the Commission determined in Anderson that because the fireman there  as here  had failed to take a physical examination upon entering service, despite his having successfully taken one or more following entry, the plain language of the statutory exception necessarily barred any claim for benefits. The Commission's simplistic approach to the issue failed to take into account the rule that exceptions to the operative effect of statutory language are strictly construed against one who attempts to take advantage of such exceptions. See State v. Nourse, 340 So.2d 966, 969 (Fla. 3d DCA 1976). This rule is particularly applicable to statutes  such as section 112.18(1)  that are remedial in nature. See 73 Am.Jur.2d, Statutes, § 313 (1974). The legislative policy behind the enactment of section 112.18(1) recognizes
that firemen are subjected during their career to the hazard of smoke, heat, and nauseous fumes from all kinds of toxic chemicals as well as extreme anxiety derived from the necessity of being constantly faced with the possibility of extreme danger... .
The legislature disposed of the need to introduce proof that the enumerated diseases were occupational hazards of the ... fireman involved by assuming that they are hazards faced by all firemen.
Caldwell v. Division of Retirement, Florida Department of Administration, 372 So.2d 438, 441 (Fla. 1979).
The employer at bar argues that there is no ambiguity in the statute, hence no need for interpretation. I cannot agree. The statute reasonably implies that in order for the exception to be applicable, the employer must first establish a policy that all firemen, upon entering employment, successfully pass a physical examination that does not disclose the existence of a hypertensive condition. No such policy was required by the City of Milton. To place a construction on the statute in the manner advocated by appellee, and as adopted by the Commission, would make the exception, in my judgment, repugnant to the purpose for which the statute was directed: to eliminate the necessity of proof that the condition contracted during a fireman's employment was one which arose out of the course of his employment.
Cases from out-of-state jurisdictions, in construing statutes having presumptive clauses similar to that at bar, have, unlike the Florida Industrial Relations Commission, declined to give literal effect to language in statutes that requires the employee to have successfully undergone a physical examination at the time of his employment. See Linnell v. City of St. Louis Park, 305 N.W.2d 599 (Minn. 1981) (en banc); Worden v. County of Houston, 356 N.W.2d 693 (Minn. 1984). In both cases the Minnesota Supreme Court held that the purpose of the statutorily required pre-employment physical examination is to establish that the worker is free from the diseases or conditions specified in the statute, and that where the evidence or the reasonable inferences therefrom satisfy the statutory purpose, strict compliance with the requirement of such examination is unnecessary. See also City of Waynesboro, Sherriff's Department v. Harter, 222 Va. 564, 281 S.E.2d 911 (1981) (presumption favoring compensability not negated by failure of employee to take pre-employment physical, since employer did not have a policy requiring such examinations at the time of employee's entry into service). Accord County of Amherst Board of Supervisors v. Brockman, 224 Va. 391, 297 S.E.2d 805 (1982).
In the case at bar, the City of Milton similarly had no policy requiring pre-entry physicals at the time of claimant's employment as a firefighter. The first employer-mandated physical taken by claimant was *926 successfully passed by him some two years following his entry into service, as were several others taken thereafter over a span of nearly 20 years. In fact, it was only until 1982 that claimant was first diagnosed as having hypertensive cardiovascular disease. Considering the fact that the employer had no requirement that firemen undergo physical examinations at the time of entry into service, as well as the reasonable inferences derived from the evidence, it is altogether apparent that claimant was free from any hypertensive condition at the time of such entry. Accordingly, appellant should be afforded the full benefit of the statutory presumption, and the order of the deputy below reversed.
NOTES
[1] Florida is one of 19 states having a special statute creating a rebuttable presumption that a respiratory or heart disease suffered during employment is one that arose out of and in the course of employment. 1B Larson, Workmen's Compensation Law, § 41.72, 7-503, n. 4 (1986).