COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Bumgardner
Argued at Richmond, Virginia


TOWN OF WAVERLY LAW ENFORCEMENT AND
  VIRGINIA MUNICIPAL GROUP
  SELF-INSURANCE ASSOCIATION                                    OPINION BY
                                                         JUDGE WILLIAM G. PETTY
v.       Record No. 1233-07-2                              FEBRUARY 19, 2008

TOMMY JAMES OWENS


                 FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             Ralph L. Whitt, Jr. (Whitt & Del Bueno, on briefs), for appellants.

             Malcolm Parks (Maloney, Parks & Clarke, P.C., on brief), for
             appellee.


        Appellants, Town of Waverly Law Enforcement and Virginia Municipal Group

Self-Insurance Association (collectively, "employer"), appeal a decision of the Workers'

Compensation Commission granting Owens benefits.  Employer argues that the commission

erroneously applied the presumption of occupational disease as provided in Code § 65.2-402(B).

Based on the record before us, we determine that the commission applied the law correctly; thus,

we affirm.

                                    I.  BACKGROUND

        On appeal, we construe the evidence in the light most favorable to Owens, as the party

prevailing below.  Whitlock v. Whitlock Mechanical/Check Servs., Inc., 25 Va. App. 470, 479,

489 S.E.2d 687, 692 (1997).  On November 2, 2005, Owens filed a workers' compensation claim

alleging an occupational disease after he suffered a heart attack.  He was a police officer for the

Town of Waverly, where he had worked since October 14, 2002.  The parties stipulated that the

Town did not request nor conduct a preemployment physical examination as set forth in Code § 65.2-402(D).

Employer contested the workers' compensation claim, arguing that Owens was not entitled to the presumption of Code § 65.2-402. In the absence of "a preponderance of competent evidence to the contrary," Code § 65.2-402(B) affords a police officer suffering from heart disease a presumption that his heart disease was caused by his or her employment and is a compensable "occupational disease, suffered in the line of duty." The employer also maintained that, absent the presumption, Owens' heart disease was an ordinary disease of life that was not compensable.

The commission rejected employer's argument and awarded Owens compensation benefits. In doing so, it found that employer had failed to ask Owens to take a preemployment physical examination and that Owens had never been told that he suffered from heart disease prior to his heart attack. Accordingly, the commission held that the presumption applied in this case and that the employer "failed to exclude a work related cause and therefore failed to rebut the presumption that claimant's heart disease is an occupational disease." This appeal followed.

II. ANALYSIS

Employer raises two issues on appeal. First, employer argues that the commission made an error of law when it held that Owens was entitled to the statutory presumption in the absence of a preemployment physical examination. Employer reasons that changes to the statute made as a result of the 1991 recodification of the Workers' Compensation Act superseded our Supreme Court's holding in City of Waynesboro v. Harter, 222 Va. 564, 281 S.E.2d 911 (1981). Employer also contends that, in the absence of the presumption, the evidence shows only that Owens' heart disease was a noncompensable ordinary disease of life. Because this case involves the interpretation of a statute, we review the commission's legal determination *de novo*.

Crawford v. Haddock, 270 Va. 524, 528, 621 S.E.2d 127, 129 (2005).  Based upon that review, we hold that the commission correctly applied the presumption of Code § 65.2-402; therefore, we need not reach employer's second issue.

## A.  City of Waynesboro v. Harter

At the time our Supreme Court decided Harter, Code § 65.1-47.1 afforded police officers a presumption of causation in workers' compensation claims arising from heart disease, just as Code § 65.2-402 does now.  However, Code § 65.1-47.1 stated, in pertinent part, that the presumption only applied  "provided that prior to making any claim based upon such presumption, such . . . [police officer] shall have been found free from . . . heart disease . . . by a physical examination which shall include such appropriate laboratory and other diagnostic studies as the [employer] shall prescribe . . . ."

In Harter, as in this case, the employer argued that the claimant was not entitled to the statutory presumption because he did not receive a preemployment physical examination.  Our Supreme Court held that the word "shall," used repeatedly in Code § 65.1-47.1, imposed an affirmative duty upon employers to conduct preemployment physical examinations before they could defeat the presumption by establishing that the claimant suffered a preexisting heart condition.  Harter, 222 Va. at 567, 281 S.E.2d at 913.  In rejecting the employer's argument, the Court reasoned:

> The interpretation urged on us by the City would eviscerate
> § 65.1-47.1 and defeat the obvious legislative intent.  Not only
> would it give the employer the ability to defeat the statutory
> presumption, but it would also discourage municipalities from
> giving pre-employment examinations.

Id. at 567, 281 S.E.2d at 913.  Thus, our Supreme Court affirmed the disability benefits award even though Harter had not undergone a preemployment physical.  Id.

- 3 -

B. Recodification Of The Workers' Compensation Act

In 1991, some ten years after the <u>Harter</u> decision, the General Assembly recodified the Workers' Compensation Act. <u>See</u> 1991 Va. Acts, c. 355. During that recodification, Code § 65.1-47.1 became Code § 65.2-402. <u>Id.</u> Code § 65.2-402 provides, in pertinent part, that "heart disease causing the . . . impairment resulting in total or partial disability of . . . members of . . . town police departments . . . shall be presumed to be [an] occupational disease[], suffered in the line of duty, . . . covered by this title unless such presumption is overcome by a preponderance of competent evidence to the contrary." Code § 65.2-402(B). The statute imposes the following limitation on the applicability of the presumption: "The presumption[] . . . shall only apply if persons entitled to invoke [it] have, *if requested by the* [*employer*], . . . undergone preemployment physical examinations . . . ." Code § 65.2-402(D) (emphasis added).

Employer roots his argument in this statutory change, arguing that the phrase "if requested by the [employer]" in Code § 65.2-402(D) was specifically added to eliminate the mandatory nature of the preemployment physical as discussed in <u>Harter</u>. Thus, employer reasons that <u>Harter</u> was superseded by Code § 65.2-402 and therefore does not control the outcome of this case. Employer concludes that Code § 65.2-402 does not mandate that employers conduct a preemployment physical before asserting a bar to the presumption. Employer concludes that its failure to request that Owens undergo a physical examination makes the presumption of Code § 65.2-402 unavailable to him. We are not, however, persuaded by this argument.

C. Code § 65.2-402

We must reject employer's argument that the linguistic differences between Code § 65.2-402 and the former Code § 65.1-47.1 show that the General Assembly intended to legislatively overrule <u>Harter</u> based on the plain language of the statute and prior decisions of both this Court and our Supreme Court.

Our analysis begins with the well-settled "presumption that a recodified statute does not make substantive changes in the former statute unless a contrary intent plainly appears in the recodified statute." Waldrop v. Commonwealth, 255 Va. 210, 214, 495 S.E.2d 822, 825 (1998) (citing State Farm Mut. Auto. Ins. v. Major, 239 Va. 375, 378, 389 S.E.2d 307, 309 (1990)).

Further, in the absence of an explicit statement to the contrary, we also presume that the General Assembly is familiar with the decisions of its appellate courts when it takes legislative action and that it "acquiesce[s]" in those decisions. Weathers v. Commonwealth, 262 Va. 803, 805, 553 S.E.2d 729, 730 (2001); see also City of Norfolk v. Lillard, 15 Va. App. 424, 430, 424 S.E.2d 243, 247 (1992) ("Code § 65.1-47.1 (now § 65.2-402) has long been recognized as a remedial statute, enacted by the legislature to overcome the difficulty . . . in proving causation. We presume that the legislature is cognizant of the interpretation the statute has been given by this Court and the Supreme Court of Virginia . . . .") (parenthetical in original).

Our examination of Code § 65.2-402 and the prior decisions of both this Court and our Supreme Court did not reveal that the General Assembly plainly expressed an intention to substantively change Code § 65.1-47.1 when it was recodified as Code § 65.2-402. Moreover, we can find no expression of the General Assembly's purported disagreement with the Harter decision. Thus, we reject employer's argument and affirm the commission's application of the law.

Furthermore, our conclusion is supported by both the longstanding policy behind the Act and the historical application of the presumption at issue here. The Workers' Compensation Act was adopted for the protection of workers and their dependents. Hartford Co. v. Fidelity, 223 Va. 641, 643, 292 S.E.2d 327, 328 (1982). Consistent with this overarching goal, we are to "'read [the statute] so as to promote [its] ability . . . to remedy the mischief at which it is

directed.'" Bulala v. Boyd, 239 Va. 218, 227, 389 S.E.2d 670, 674 (1990) (quoting Bd. of Supervisors v. King Land Corp., 238 Va. 97, 103, 380 S.E.2d 895, 897 (1989)).

The mischief the General Assembly sought to remedy in enacting Code § 65.1-47.1 was the risk that the classes of employees enumerated in the statute would be incapable of meeting their burdens of persuasion because of differences of opinion in the medical community regarding the causes of hypertension and heart disease. See, e.g., Fairfax County Fire & Rescue Servs. v. Newman, 222 Va. 535, 538-39, 281 S.E.2d 897, 899 (1981) ("'The obvious purpose of the rebuttable presumption is to establish by law, in the absence of evidence, a causal connection between . . . disability from certain diseases and the [claimant's] occupation . . . . The effect of the presumption is to eliminate the necessity for proof by the claimant of causal connection.'" (quoting Page v. City of Richmond, 218 Va. 844, 847, 241 S.E.2d 775, 777 (1978))).

In cases involving the former statute, the presumption was applied somewhat liberally as a means to effectuate this purpose. See generally, e.g., Harter, 222 Va. at 564, 281 S.E.2d at 911; Garrison v. Prince William County Bd. of Supervisors, 220 Va. 913, 920, 265 S.E.2d 687, 691 (1980) ("A claimant who has undergone a pre-employment physical examination failing to make a positive finding of the disease cannot be denied the benefit of the presumption merely because subsequent examinations conducted several years after his employment as a police officer or fire fighter result in such a finding."); Page, 218 Va. at 847, 241 S.E.2d at 777. The 1991 recodification of the Workers' Compensation Act did nothing to nullify these decisions.

Here, the employer's proposed interpretation of Code § 65.2-402 would, just like the argument advanced by the employer in Harter, "eviscerate [§ 65.2-402] and defeat the obvious legislative intent" behind the presumption. Harter, 222 Va. at 567, 281 S.E.2d at 913. We can find no evidence of an explicit intent on the part of the General Assembly to justify such a major and far sweeping change in the interpretation and application of Code § 65.1-47.1 when it was

recodified as Code § 65.2-402.  The employer in this case bore the burden to show that the

General Assembly had the intent to effect a substantive change in Code § 65.1-47.1 when it was

recodified as Code § 65.2-402, or that the General Assembly did not acquiesce in the Harter

decision.  See Waldrop, 255 Va. at 214, 495 S.E.2d at 825.  It has done neither.

### III. CONCLUSION

We conclude that the commission did not err when it applied the presumption of Code

§ 65.2-402 in this case.  Accordingly, we affirm the award of benefits.

Affirmed.