Winokur, J.
*1170 The City of Homestead and Preferred Government Claims Solutions (E/C) appeal an order of the Judge of Compensation Claims (JCC) finding compensability of, and awarding benefits for, Claimant Harley Foust's heart disease and hypertension by operation of section 112.18, Florida Statutes. For the following reasons, we reverse.
The underlying facts are not disputed. Claimant is a law enforcement officer (LEO) who has both heart disease and hypertension. In May 2015, he had a disabling event due to both conditions, and sought compensability of both, as well as medical and indemnity benefits, claiming that he was entitled to the presumption of occupational causation of heart disease and hypertension for LEOs available under section 112.18(1), Florida Statutes.[1] The E/C responded that Claimant was not eligible for the statutory presumption because he had not met all of the statutory prerequisites-specifically, he had not undergone a physical examination upon entering into service as a full-time LEO.
Claimant argued that he met that prerequisite because he had undergone a physical on January 28, 1983, before becoming an auxiliary LEO with the City on October 2, 1983, that this examination did not reveal any evidence of heart disease or hypertension, and that this examination counts as a "pre-employment physical" for his hire as a full-time LEO on October 4, 1984. Claimant argued that nothing in the law requires a second physical examination, both because he had the same employer and never left employment, and because section 943.13, Florida Statutes, which establishes the qualifications for LEOs, requires a physical examination for hire as an LEO without distinguishing between auxiliary and full-time.
The E/C, in contrast, argued that Claimant's January 1983 physical does not fulfill the statutory prerequisite because it did not occur "upon entering into any such service" as a full-time LEO. Instead, noting that the form for the 1983 physical indicates that it is for "PROPOSED JOB TITLE: Aux. Police Officer," the E/C argues that the physical related to his service as an auxiliary LEO, and section 112.18 does not include auxiliary LEOs. Specifically, section 112.18 refers to subsection 943.10(1), Florida Statutes, which includes only full-time LEOs (auxiliary LEOs are defined in subsection 943.10(8) ). The E/C also noted that the section 112.18 presumption did not apply to local LEOs until 2002.[2]
The JCC found that Claimant satisfied the physical-examination requirement of section 112.18 on three alternative grounds: 1) the statutory presumption of section 112.18 did not apply to local LEOs *1171 at the time of Claimant's hire, so the pre-employment requirements of section 112.18 are not retroactive; 2) the employer waived or acquiesced to use of the 1983 physical for the 1984 hire as a full-time LEO; and 3) the 1983 physical was conducted at or near the time of entering full-duty status. We disagree with each of these rationales.
Regarding the first ground, both parties agree that the 2002 amendments to section 112.18, which extended the statutory presumption to local LEOs, were procedural and, therefore, the prerequisites to the presumption are retroactive and apply to Claimant. However, regardless of whether section 112.18 (or the 2002 amendment) is substantive or procedural, the earliest version of the statute that could apply to Claimant is the 2014 version-which already included LEOs-because Claimant's date of accident was his date of disability, May 12, 2015. See Gomar v. Ridenhour Concrete & Supply , 42 So.3d 855, 858 (Fla. 1st DCA 2010) ("[T]he date of accident dictates which version of a substantive statute applies."); Scherer v. Volusia Cty. Dep't of Corr. , 171 So.3d 135, 137 (Fla. 1st DCA 2015) (reiterating that for occupational diseases such as heart disease" 'the disablement ... shall be treated as the happening of an injury by accident' " (quoting Hoppe v. City of Lakeland , 691 So.2d 585, 586-87 (Fla. 1st DCA 1997) ) ). To the extent the JCC's ruling suggests that Claimant could rely on the presumption without meeting all of its prerequisites, we reject that interpretation of section 112.18 because section 112.18 has included all of its prerequisites since its enactment in 1965.
The second ground cited by the JCC fails because the record does not contain evidence of either a waiver or acquiescence. A waiver is defined as a "voluntary and intentional relinquishment of a known right, or conduct which implies the voluntary and intentional relinquishment of a known right." Major League Baseball v. Morsani , 790 So.2d 1071, 1077 n.12 (Fla. 2001) (citing Kissimmee Util. Auth. v. Better Plastics, Inc. , 526 So. 2d 46, 48 (Fla. 1988) ). To the extent that an E/C has a "right" to object to the validity of a pre-employment physical for purposes of the section 112.18 presumption (a question we do not answer here), certainly in this case the E/C could not have voluntarily and intentionally relinquished that right at the time of the hire (in the early 1980s) because neither the physical-examination requirement, nor the presumption itself, applied to LEOs at that time. As such, the E/C could not have waived that right. And to the extent that an Employer can "acquiesce" to the use of a particular physical examination for purposes of the statutory presumption, we find that no evidence beyond speculation supports the conclusion that the City "acquiesced" in the use of the January 1983 physical as a pre-employment physical upon Claimant's hire as a full-time LEO.
Finally, the JCC found that Claimant met the statutory physical-examination requirement because his physical was given " 'at or near' the time of entering full duty status." The statute requires the physical examination "upon entering into any such service as a ... law enforcement officer." § 112.18(1)(a), Fla. Stat. Although the JCC did not err in looking to the date of hire as a full-time LEO (because auxiliary LEOs are not eligible for the presumption),[3] we find that the twenty-one months *1172 between the physical examination and the hire date is too lengthy a period of time to qualify as "upon entering into" service. Only two cases deal with the "upon entering into" requirement; one holds that a difference of ten to fifteen days qualified as "upon entering into," and the other holds that an examination given two years after the hiring date did not qualify as "upon entering into." See City of Tarpon Springs v. Vaporis , 953 So.2d 597 (Fla. 1st DCA 2007) (holding that a physical examination occurred "upon entering into service" where it was partially administered ten days before employee's first day of employment and completed fifteen days after first day of employment); Cumbie v. City of Milton , 496 So.2d 923, 924 (Fla. 1st DCA 1986) (holding that the statutory presumption did not apply because no physical was done, and noting in dissent that the first city-sponsored physical of claimant was done "nearly two years after claimant's entry into service"). Because Claimant did not pass a physical examination upon entering into service as a full-time LEO, he is not entitled to the presumption of occupational causation of his heart disease and hypertension under section 112.18(1).
REVERSED and REMANDED for further proceedings in accordance with this opinion.
B.L. Thomas, C.J., and Makar, J., concur.

Section 112.18(1)(a) reads in pertinent part as follows:
Any condition or impairment of health of ... any law enforcement officer ... as defined in s. 943.10(1) ... caused by tuberculosis, heart disease, or hypertension resulting in total or partial disability or death shall be presumed to have been accidental and to have been suffered in the line of duty unless the contrary be shown by competent evidence. However, any such ... law enforcement officer must have successfully passed a physical examination upon entering into any such service as a ... law enforcement officer, which examination failed to reveal any evidence of any such condition.

Section 112.18 was enacted in 1965, but applied only to firemen. Ch. 65-480, § 1, at 1655, Laws of Fla. The statutory presumption was extended to state LEOs in 1999, and to all LEOs in 2002. Ch. 99-392, § 21, at 4000, Laws of Fla.; Ch. 2002-236, § 3, at 1720, Laws of Fla.

We reject Claimant's argument that a physical examination prior to hire or appointment to any category of LEO, including auxiliary LEO, qualifies for the section 112.18 presumption. By requiring the examination to be "upon entering into any such service" as a "law enforcement officer," it is clear that the statute refers to an examination before hire as a LEO defined by section 943.10(1), meaning a full-time officer. We also reject Claimant's contention that section 943.13(6), Florida Statutes, supports his argument.