## Alexandria

FLOYD DINSDALE BOLDING

v.

COMMONWEALTH OF VIRGINIA

No. 1376-91-4

Decided November 10, 1992

COUNSEL

William J. Baker (Leo J. Scolforo, on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

Opinion

**WILLIS, J.**—Floyd Dinsdale Bolding was convicted of breaking and entering the home of Laurie Yatros with the intent to commit murder, rape or robbery and of rape of Laurie Yatros. He was sentenced, respectively, to imprisonment for three years and five years on those charges. On appeal, he contends that the trial court erred in refusing to suppress statements that he made after invoking his right to counsel. We find no error and affirm the judgment of the trial court.

After his arrest on March 6, 1991, Bolding was interrogated at the Prince William County police station by Detective David Watson. The following dialogue occurred.

WATSON: Okay, before I ask you any questions, I'm going to have to advise you of your rights. You have the right to remain silent, do you understand that?

BOLDING: Yes, I do.

WATSON: Anything you say, can and will be used against you in court, do you understand that?

BOLDING: Yes, I do.

WATSON: You have the right to consult with a lawyer before answering any questions, and have a lawyer with you during any questioning, do you understand that?

BOLDING: Yes, I do.

WATSON: If you can not afford a lawyer, one will be provided for you free of cost if you want one, do you understand that?

BOLDING: Yes, I do.

WATSON: Do you understand your rights as I have explained them?

BOLDING: I understand my rights, yes.

WATSON: Are you willing to talk to me without consulting a lawyer or having a lawyer present with you?

BOLDING: Well, if, can I have a lawyer right this second?

WATSON: If you can get one here.

BOLDING: Uh?

WATSON: If you can get one here, sure.

BOLDING: I don't, I don't have funds for a lawyer.

WATSON: Well, I'm not a judge. I can't appoint you a lawyer, alright? I can give you an opportunity to call one if you want though.

BOLDING: Um, I, I can't afford one. I don't have the money to. . .

WATSON: Well.

BOLDING: afford a lawyer.

WATSON: Well, do you want to talk to me without having a lawyer present or do you want a lawyer here?

BOLDING: Yeah, I'll talk to you.

WATSON: You're sure.

BOLDING: I'm just telling you now I can't afford a lawyer.

WATSON: Well, if you can't afford a lawyer and the judge finds you in a position where you can't afford one then he'll appoint one but I'm concerned with right here and now. Do you want to talk to me without having a lawyer here with you right now?

BOLDING: Yes, I'll talk to you without having a lawyer here.

Bolding then gave the statement he later sought to suppress. Denying the motion to suppress, the trial court found that Bolding's answers to Detective Watson's questions "[were] not an unequivocal response, but [were] in fact an ambiguous response and [were] really a discussion of what his rights were and to the timing of obtaining an attorney."

In *Edwards v. Arizona*, 451 U.S. 477 (1981), the Supreme Court held that an accused who, having been advised of his right to counsel, requests counsel or expresses his desire to deal with the police through counsel, cannot be questioned further unless counsel is made available to him or he initiates the further interrogation. In *Eaton v. Commonwealth*, 240 Va. 236, 397 S.E.2d 385 (1990), *cert. denied*, 112 S. Ct. 88 (1991), the Virginia Supreme Court, discussing the applicability of *Edwards* said:

> [T]he *Edwards* rule is invoked . . . when the accused, having received Miranda warnings . . . , "has *clearly* asserted his right to counsel."

*Id.* at 253-54, 397 S.E.2d at 395-96 (citation omitted). *See also Poyner v. Commonwealth*, 229 Va. 401, 410-11, 329 S.E.2d 815, 822-23, *cert. denied*, 474 U.S. 865 (1985); *Bunch v. Commonwealth*, 225 Va. 423, 432-34, 304 S.E.2d 271, 276-77, *cert. denied*, 464 U.S. 977 (1983); *Terrell v. Commonwealth*, 12 Va. App. 285, 403 S.E.2d 387 (1991).

In *Eaton*, the accused asked, "You did say I could have an attorney if I wanted one?" The police responded that he did not have to tell them anything and that he had the right to an attorney if he wanted one. The Supreme Court held that Eaton's question fell short of the clear assertion required to invoke the *Edwards* rule. *Eaton*, 240 Va. at 254, 397 S.E.2d at 395.

In *Poyner*, the accused asked, "Didn't you say I have the right to an attorney?" The police replied, "Yes." The interrogation continued. Holding the question not to be a request for counsel, the Supreme Court said, "At most, it sought to clarify one of the rights of which he had already been advised." *Poyner*, 229 Va. at 410, 329 S.E.2d at 823.

In *Terrell*, the accused stated: "(1) 'Well, I will have to get a lawyer I reckon;' (2) 'I am trying to get along with all of you, I know I didn't do all of this but I will get a lawyer;' (3) 'Well, I'll just have to get a lawyer and worry about it then;' and (4) 'I know I didn't do all this but

I'll get a lawyer.' '' Affirming the trial court's holding that these statements did not invoke the *Edwards* rule, we said:

> His statement did not represent a desire to have counsel present during the interrogation; he merely indicated that he wished to obtain counsel if charged with the crimes upon which he was being questioned.

12 Va. App. at 289-90, 403 S.E.2d at 389.

Bolding, having been advised of his *Miranda* rights and having indicated that he fully understood them, inquired as to his right to assistance of counsel, but then voluntarily continued to discuss the case with Detective Watson. His question, ''[C]an I have a lawyer right this second?'' was neither a request for counsel nor a statement of unwillingness to proceed without counsel. It was merely a request for information. This conclusion is borne out by Bolding's further statement, ''I'm just telling you now I can't afford a lawyer.''

Detective Watson took care to ensure that Bolding understood his rights. He told him, ''Well, if you can't afford a lawyer and the judge finds you in a position where you can't afford one then he'll appoint one.'' Watson further asked, ''But I'm concerned with right here and now. Do you want to talk with me without having a lawyer here with you right now?'' Bolding replied, ''Yes, I'll talk to you without having a lawyer here.'' This dialogue clearly supports the trial court's determination that Bolding did not assert his right to counsel and that the *Edwards* rule was not invoked.

The judgment of the trial court is affirmed.

*Affirmed.*

Koontz, C.J., and Barrow, J., concurred.