## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

    v.

Fowler

April 13, 1994

Cases No. CF940160 and CF940205

BY JUDGE ALFRED D. SWERSKY

Defendant's Motion to Suppress must be granted. The Court finds that despite the facts of previous warnings of her constitutional rights and the previous oral admissions made, Defendant clearly and unambiguously asserted her right to counsel during the taped interview.

When asked by the detective if she was willing to make a statement, Defendant replied, "Yes. I'm willing to answer some questions. I would like a lawyer." Even if this was not an unequivocal assertion of her right to counsel, the next question by the detective and Defendant's response clear up the mystery. The officer asked, "Okay, do you want a lawyer, yes or no?" Defendant's succinct, one-word answer was "yes."

The question of the timing of Defendant's access to an attorney was raised by the police, not the Defendant. Thereafter, interrogation continued directed at efforts by the officer to obtain Defendant's statement.

The "bright-line" rule of *Edwards v. Arizona*, 451 U.S. 477 (1981), dictates that interrogation cease. The Defendant having made an unequivocal assertion of her right to counsel did not reinitiate the interview process but was continually questioned by the officers.

Under these circumstances, the cases relied upon by the Commonwealth, *Bolding v. Commonwealth*, 15 Va. App. 320 (1992); *Eaton v. Commonwealth*, 240 Va. 236 (1990); and *Terrell v. Commonwealth*, 12 Va. App. 285 (1991), are distinguishable.

Any statement made by Defendant after her assertion of her right to counsel will be suppressed and not used by the Commonwealth in its case-in-chief. No other statement allegedly made by Defendant is affected by this ruling.