COURT OF APPEALS OF VIRGINIA


Present:   Judges Clements, Haley and Senior Judge Overton
Argued at Richmond, Virginia


JOHN W. HEYWOOD, A/K/A
 JOHN MICHAEL HEYWOOD
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0722-05-2                      JUDGE JAMES W. HALEY, JR.
                                                         MAY 23, 2006
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF POWHATAN COUNTY
                        Thomas V. Warren, Judge

          Aubrey M. Davis, Jr. (Gordon, Dodson, Gordon & Rowlett, on
          brief), for appellant.

          Eugene Murphy, Senior Assistant Attorney General (Robert F.
          McDonnell, Attorney General; Susan L. Parrish, Assistant Attorney
          General, on brief), for appellee.


                                    I.

        Code § 18.2-200.1 provides in pertinent part as follows:

          If any person obtain from another an advance of money . . . with
          fraudulent intent, upon a promise to perform construction . . . and fail
          or refuse to perform such promise, and also fail to substantially make
          good such advance, he shall be deemed guilty of the larceny of such
          money . . . if he fails to return such advance within fifteen days of a
          request to do so sent by certified mail, return receipt requested, to his
          last know address . . . .

        Convicted in a bench trial of contractor fraud under this statute, John W. Heywood

challenges the sufficiency of the evidence of his fraudulent intent.  Finding that evidence sufficient,

we affirm.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

II.

FACTS

In April 2004, Carl Minetree met the appellant while the latter was performing painting and minor repairs on Minetree's neighbor's home. Minetree asked appellant if he could perform similar work soon on his home, as he was preparing it for sale. On April 28, 2004, appellant prepared a written agreement, which included provisions for replacing gutters, scraping, painting, etc. The price was $4,000, and on that date appellant was given $1,500. The work was to begin on Friday, April 30, 2004 and continue thereafter. On that date, appellant removed some gutters.

Minetree called appellant the following Monday, inquiring as to his whereabouts. Appellant replied he would be there on "Tuesday or Wednesday." Minetree testified that he called appellant with the same inquiry "the whole month of May." Appellant never returned to the job.

On June 4, 2004, in accordance with Code § 18.2-200.1, Minetree mailed a certified letter to appellant, asking for the return of his deposit.[1] No response was received, and on July 6, 2004, a felony warrant was obtained. On September 3, 2004, the date of the preliminary hearing, appellant returned $900. On December 15, 2004, the day after appellant was indicted, he returned $600.

Testifying in his own defense, appellant offered a number of reasons why he never returned to the job. These included: "weather delays"; the neighbor had died and his wife did not want him back on the job until "after the funeral"; and, despite Mr. Minetree's testimony that he continuously requested appellant do the work, appellant claimed that Mr. Minetree "didn't want me back on the job . . . I was not allowed to" come back to the job.

In response to a trial court inquiry, appellant testified he had "ordered paint for the job . . . and picked the paint up." He testified he had receipts for this paint but did not produce them.

---

[1] In the letter, Mr. Minetree offered to pay appellant $100 for the gutter removal, and sought the return of $1,400.

In rebuttal, Minetree testified that he had "never told [appellant] a [paint] color . . . we never discussed the color of the house . . . [because] after that Friday he never came back."

The trial court found appellant guilty and sentenced him to twelve months in jail with nine months suspended.

III.

ANALYSIS

In Klink v. Commonwealth, 12 Va. App. 815, 407 S.E.2d 5 (1991), this Court set forth the elements of contractor fraud under Code § 18.2-200.1. The crime consists of five elements: "(1) obtaining an advance of money . . . (2) a fraudulent intent at the time the advance is obtained, (3) a promise to perform construction or improvement . . ., (4) a failure to perform . . ., and (5) a failure to return the advance 'within fifteen days of a request to do so by certified mail . . . .'" Id. at 818, 407 S.E.2d at 7 (citation omitted).

Heywood first challenges the sufficiency of the evidence of fraudulent intent at the time he received the advance.

Initially, we note the credibility of witnesses and the weight of the evidence are matters within the province of the trial court, Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995), and the judgment of that court within that province is entitled to the same weight as a jury verdict and will not be disturbed on appeal unless plainly wrong or without evidence to support it. Wilson v. Commonwealth, 46 Va. App. 408, 432, 617 S.E.2d 431, 443 (2005) (en banc). See also Code § 8.01-680; Waldrop v. Commonwealth, 23 Va. App. 614, 626, 478 S.E.2d 723, 728 (1996), rev'd on other grounds, 255 Va. 210, 495 S.E.2d 822 (1998).

"The time for determining fraudulent intent is the time at which the defendant procured the advance." Rader v. Commonwealth, 15 Va. App. 324, 329, 423 S.E.2d 207, 210 (1992). In Norman v. Commonwealth, 2 Va. App. 518, 520, 346 S.E.2d 44, 45 (1986), likewise addressing

Code § 18.2-200.1, we noted, "Whether fraud actually existed will depend upon the circumstances of each case." In Rader, the Court noted, "A defendant's use of false statements is a significant factor that tends to prove fraudulent intent in construction fraud." 15 Va. App. at 330, 423 S.E.2d at 211. And, as the Supreme Court of Virginia noted in Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 673-74 (1995), "Intent is a state of mind that may be proved by an accused's acts or by his statements and that may be shown by circumstantial evidence."

Such circumstances, summarized above, include the following:

At the time appellant received the advance, he was to begin work on the following Friday and continue thereafter. He never returned to the job. Though appellant claimed he had purchased paint with the advance, he had no receipt for the same. According to Minetree, no paint color had ever been chosen. Finally, appellant's testimony that Minetree did not want him back on the job contrasts with Minetree's testimony that he requested appellant return throughout "the whole month of May." As this Court noted in Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998), "[I]n its role in judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt."

We conclude the evidence suffices to establish the element of fraudulent intent. Appellant's conviction is affirmed.

Affirmed.