Present: Carrico, C.J., Compton, Lacy, Hassell, Keenan, and
Kinser, JJ., and Stephenson, Senior Justice

JOHN A. WALDROP, JR.
                                          OPINION BY
                          SENIOR JUSTICE ROSCOE B. STEPHENSON, JR.
v.   Record No. 970160                    January 9, 1998

COMMONWEALTH OF VIRGINIA

              FROM THE COURT OF APPEALS OF VIRGINIA


     The sole issue in this appeal is whether the statutory

requirement that an election candidate report all campaign

"contributions" applies to money received by the candidate after

the election to defray legal expenses associated with a recount

proceeding.

                                I

     John A. Waldrop, Jr., was charged in the Circuit Court of

Henrico County with three counts of perjury resulting from his

failure to disclose three payments he received from supporters in

connection with his 1991 election to the Board of Supervisors of

Henrico County (the Board).  A jury acquitted Waldrop on one

charge, convicted him on the other two, and imposed two $2,500

fines, and the trial court entered judgment on the verdicts.  The

Court of Appeals, in an opinion rendered December 17, 1996,

affirmed the judgment, Waldrop v. Commonwealth, 23 Va. App. 614,

478 S.E.2d 723 (1996), and we awarded Waldrop this appeal.

                                II

     The relevant facts are undisputed.  On November 5, 1991,

Waldrop was re-elected to his fifth term on the Board.  Due to

Waldrop's slight margin of victory, however, his opponent

instituted a recount proceeding pursuant to former Code §§ 24.1-

249 and -250 (now Code §§ 24.2-800 through -802). The recount proceeding was conducted in December 1991.

Waldrop retained Edward E. Willey, Jr., an attorney-at-law, to represent him in the recount proceeding.[1] According to Waldrop, Willey advised him that monies received to defray expenses pertaining to the recount were not campaign contributions and, therefore, were not required to be reported under the campaign finance disclosure requirements of the former Fair Elections Practices Act, former Code §§ 24.1-251 et seq. (the Act).[2]

Waldrop received from Kenny Graham a check for $1,000, dated December 2, 1991, and payable to the "John Waldrop Defense Fund." Graham testified that the money was given to Waldrop to defray his legal expenses related to the recount. Willey had asked Graham for the money and told Graham how to make out the check. Graham did not consider the check to be a "campaign contribution."

On December 13, 1991, Waldrop received from E. Carlton Wilton, Sr., a $500 check, payable to "John Waldrop." Wilton testified that, after the campaign, the money had been solicited, by someone other than Waldrop, for attorney's fees.

Acting upon Willey's advice, Waldrop deposited the two

---

[1] At the time of Waldrop's trial, Willey was deceased.

[2] In 1993, the Act was recodified in Title 24.2. 1993 Va. Acts ch. 641.

checks in a personal checking account he maintained jointly with his wife. Waldrop was using this bank account, rather than a separate account, as his "defense fund."

Willey's legal fees for representing Waldrop in the recount proceeding were $10,000. On November 24, 1991, pursuant to Willey's request, Waldrop paid Willey $1,000 in cash. Waldrop reimbursed himself therefor by keeping the $1,000 he had received from Graham. Using the money he had received from Wilton, Waldrop made other cash payments to Willey for out-of-pocket expenses. On December 24, 1991, Waldrop gave Willey a check for $9,000 and received a receipt from Willey showing that Waldrop had paid $10,000 for professional services rendered.

On January 15, 1992, Waldrop filed his campaign finance disclosure form for the period November 26 through December 31, 1991, as required by the Act (the Report). The Report, in Schedule A, required Waldrop to list all "contributions" over $100. By his signature on the Report, Waldrop affirmed that, "[u]nder penalty of perjury," he had examined the Report and that, "to the best of [his] knowledge and belief, it [was] true, correct and complete." Waldrop did not list the checks received from Graham and Wilton.

### III

Waldrop contends that the requirement that a candidate report all campaign contributions does not include a requirement that he report contributions related to a recount proceeding.

Conversely, the Attorney General contends that Waldrop was required to report all contributions, including those received relating to the recount.

The present case is governed by the law in effect in 1991. In 1991, the Act required a candidate to file periodic reports disclosing "all contributions and expenditures, except the payment of a filing fee." Former Code §§ 24.1-257.2(C) and -258 (now Code §§ 24.2-916 and -914). The Act, however, did not expressly define the term "contribution."

In pertinent part, former Code § 24.1-255 (now Code § 24.2-907) provided that it was unlawful for a candidate to fail to report "every . . . collection" of "money, services, or other things of value over $100 in relation to his candidacy." The Act, however, expressly referred to "<u>campaign</u> contributions." Former Code §§ 24.1-251 and -252 (now Code §§ 24.2-900 and -903) (emphasis added). The Act also provided for the disposition of contributions that were in excess of the amount necessary to defray a candidate's "<u>campaign</u> expenditures." Former Code § 24.1-258.1 (now Code § 24.2-921) (emphasis added).

In 1993, the Act was recodified as the Campaign Finance Disclosure Act, Code §§ 24.2-900 <u>et</u> <u>seq</u>. (the Recodified Act). The Recodified Act defines the term "contribution," in pertinent part, as "money and services of any amount, and any other thing of value over $100, given . . . to a candidate . . . <u>for the purpose of influencing the outcome of an election</u>." Code § 24.2-

901 (emphasis added).[3]

Generally, there is a presumption that a recodified statute does not make substantive changes in the former statute unless a contrary intent plainly appears in the recodified statute. State Farm Mut. Auto. Ins. v. Major, 239 Va. 375, 378, 389 S.E.2d 307, 309 (1990); Chapman v. Richardson, 123 Va. 388, 391, 96 S.E. 776, 777 (1918). In the present case, nothing in the Recodified Act suggests an intent to make substantive changes in the Act. To the contrary, we are told that "[t]he goal of [the] recodification is a clearer, more easily understood set of election laws and the elimination of ambiguities in the present law rather than substantive changes in the law." Report of the Virginia Code Commission on The Recodification of Title 24.1 of the Code of Virginia (1993).

Analyzing the Act in the light of the Recodified Act, we cannot say that Waldrop was required to report the Graham and Wilton checks which Waldrop received to defray the expenses of the recount proceeding. When those checks were delivered, the election had been held and the campaign had been concluded. Clearly, therefore, those contributions could not have "influenc[ed] the outcome of [the] election."

At the very least, the Act was unclear and ambiguous with respect to whether recount contributions had to be reported.

_____
[3]Interestingly, this emphasized language is also found in the Act. Former Code § 24.1-255(C).

When a penal statute[4] is unclear, the statute must be strictly construed against the Commonwealth and in favor of an accused's liberty, and the accused is entitled to the benefit of any reasonable doubt concerning the statute's construction.  Harward v. Commonwealth, 229 Va. 363, 365, 330 S.E.2d 89, 90 (1985); Martin v. Commonwealth, 224 Va. 298, 300-01, 295 S.E.2d 890, 892 (1982).  Indeed, before the accused can be punished, "`his case must be plainly and unmistakably within the statute.'"  Harward, 229 Va. at 365, 330 S.E.2d at 90 (quoting United States v. Lacher, 134 U.S. 624, 628 (1890)).  Additionally, in a perjury prosecution, the Commonwealth has the burden of proving beyond a reasonable doubt not only that the statements made under oath by the accused were false, but also that he knew they were false when made.  Holz v. Commonwealth, 220 Va. 876, 880, 263 S.E.2d 426, 428 (1980); Rothfuss v. Commonwealth, 198 Va. 461, 466, 94 S.E.2d 532, 535 (1956).

IV

In view of the foregoing principles of law, we hold that the Commonwealth failed to prove that Waldrop wilfully and knowingly committed perjury.  Accordingly, we will reverse the judgment of the Court of Appeals, annul the convictions, and dismiss the indictments.

---

[4] Former Code § 24.1-279 (now Code § 24.2-1016) provided, in pertinent part, that "[a]ny wilfully false, fraudulent, or misleading statement or entry made by any person in any statement or account under oath required by [Title 24.1], shall constitute the crime of perjury."

<u>Reversed and dismissed</u>.