JUSTICE KOONTZ,
with whom JUSTICE LACY joins, dissenting.
I respectfully dissent. The issue whether the trial court erred in refusing to grant an accessory after-the-fact jury instruction in this case is properly analyzed in the context of the undisputed circumstances in which the issue arose at the murder trial of Paul Michael Dalton, Jr. Contrary to the conclusion reached by the majority here, in my view, those circumstances dictate the conclusion reached by the Court of Appeals that the trial court erred.
Dalton was tried by a jury upon an indictment charging him with the murder of Aubrey Clark Adkins. During the trial, Dalton presented evidence which if believed by the jury established that he was not guilty of the murder but, rather, that he was guilty of the crime of being an accessory after the fact to the murder. Dalton *256 requested an accessory after-the-fact instruction and the trial court refused to grant it, reasoning that the crime of being an accessory after-the-fact is not a lesser-included offense of the crime of murder. Significantly, the trial court did not determine that the requested instruction was unsupported by credible evidence. Under those circumstances, Dalton was denied a jury instruction on his theory of the case, which was supported by credible evidence. “It is immaterial that the jury could have reached contrary conclusions. If a proffered instruction finds any support in credible evidence, its refusal is reversible error.” McClung v. Commonwealth, 215 Va. 654, 657, 212 S.E.2d 290, 293 (1975); see also Frye v. Commonwealth, 231 Va. 370, 388, 345 S.E.2d 267, 280 (1986).
Nevertheless, the majority employs a different analysis to reach the legal conclusion that the instruction was properly refused. First, based upon well established principles of constitutional and statutory law, the majority notes that “[ajn indictment, to be sufficient, must give an accused notice of the nature and character of the offense charged” and that “an accused cannot be convicted of a crime that has not been charged, unless the crime is a lesser-included offense of the crime charged.” Upon this rationale, the majority then concludes that “neither the Commonwealth nor an accused is entitled to a jury instruction on an offense not charged, unless the offense is a lesser-included offense of the charged offense.” I agree that the Commonwealth may not effectively ambush the accused with an instruction that would effectively permit the jury to convict an accused for a separate crime not charged in the indictment. However, here Dalton requested the instruction and, thus, his due process rights were not implicated. Rather, without the requested instruction, Dalton was required to run a virtual gauntlet in which the jury would not weigh the evidence that supported his guilt of being an accessory after the fact in conjunction with the evidence that supported his guilt of murder in fixing Dalton’s criminal responsibility. Under such circumstances, the jury’s search for the truth was materially hampered and that is inconsistent with Dalton’s right to a fair trial.
Next, the majority concludes that “the crime of being an accessory after the fact is not a lesser-included offense of the crime of murder” and that neither Code § 19.2-286 nor Rule 3A: 17(c) provides authority for the requested instruction. While I agree that accessory after the fact is a separate crime and not a lesser-included offense of the crime of murder, I do not agree with the majority’s analysis of Code § 19.2-286 and Rule 3A: 17(c). Specifically, I dis *257 agree with the legislative history analysis employed by the majority to conclude that “[t]he General Assembly indicated its intention to eliminate accessories after the fact from the application of Code § 19.2-286” and the majority’s conclusion that the last sentence of the rule “merely reiterates the proposition that the crime of being an accessory after the fact contains an element that the felony does not contain.”
Code § 19.2-286 in plain language provides that:
On an indictment for felony the jury may find the accused not guilty of the felony but guilty of an attempt to commit such felony, or of being an accessory thereto; and a general verdict of not guilty, upon such an indictment, shall be a bar to a subsequent prosecution for an attempt to commit such felony, or of being an accessory thereto.
(Emphasis added.)
In my view, Code § 19.2-286 statutorily entitles the accused, unlike the Commonwealth, to have the jury instructed on the elements of the separate offense of being an accessory to the crime of murder where credible evidence supports that instruction. And, as previously stated, such was the circumstance in Dalton’s case when he requested such an instruction.
Admittedly, as the majority notes, Code § 19.2-286 was formerly Code § 19.1-254 and prior to a 1975 revision the former statute provided that “[o]n indictment for felony the jury may find the accused not guilty of the felony but guilty of an attempt to commit such felony, or of being an accessory after the fact.” (Emphasis added). The majority states that the change in wording from “accessory after the fact” to “accessory thereto” in 1975 represented a legislative determination to eliminate accessories after the fact from § 19.2-286. The legislative history of that change, however, does not support that conclusion. The change in language occurred as part of a recodification. Title 19.1 was recodified as Title 19.2. A long-standing principle of statutory construction is that, unless specifically noted, there is a presumption that a recodification does not result in substantive changes in the law. See Waldrop v. Commonwealth, 255 Va. 210, 214, 495 S.E.2d 822, 825 (1998). This recodification was accompanied by a Report of the Code Commission to the Governor and the General Assembly of Virginia, Revision of Title 19.1 of the Code of Virginia, House Document No. 20 (1975). That document included special *258 comments for those sections which effected substantive changes and no such comments accompanied the reenacted § 19.2-286. The Report cross-referenced former § 19.2-254 as the source of the recodified § 19.2-286, which included accessory after the fact.
The phrase “accessory thereto” contained in the recodification is not, by its terms, limited to an accessory before the fact. The only conclusion which this inclusive language, the legislative history of the section, and the principle that recodifications do not make substantive changes unless noted supports is that § 19.1-286 includes accessories before and after the fact.
This interpretation is further supported by the language and history of Rule 3A: 17(c). This rule specifically stating that when the charged offense is a felony, the accused may be found “guilty of being an accessory after the fact to that felony” has remained virtually unchanged since 1971. Of course in 1971, the language of the Rule, at that time Rule 3A:24, and the language of former § 19.1-254 were entirely consistent. In the early 1980s, the Judicial Council undertook a major review and revision of the Rules of Court. The revision was undertaken to “ascertain conflicts between existing Rules and sections of the Code of Virginia.” Report of the Judicial Council to the General Assembly and Supreme Court of Virginia, at 72 (1982). While the Report recommended many areas of change or deletion in the Rules required by legislative changes, the only change regarding the provision at issue here was redesignating the relevant rule from Rule 3A:24 to its current designation of Rule 3A: 17(c). A fair inference from this history is that if the 1975 recodification of former § 19.1-254 contained the substantive change suggested by the majority here, the Rules revision committee would have suggested alteration of language in the rule which was in direct conflict with the statute as interpreted by the majority today. No such suggestion was made, in my opinion, because there was no change or intent to change the substance of § 19.1-254 when it was recodified as § 19.2-286.
For these reasons, I would affirm the judgment of the Court of Appeals finding that the trial court erred in not granting Dalton’s requested jury instruction.