UPON REHEARING EN BANC
FITZPATRICK, Chief Judge.
This matter comes before the Court on a rehearing en banc from an unpublished panel decision rendered July 13, 2004. See Gonzales v. Commonwealth, 04 Vap UNP 1351034 (2004). In that decision, a divided panel of this Court reversed Gonzales’ conviction for rape in violation of Code § 18.2-61 and forcible sodomy in violation of Code § 18.2-67.1, finding that the trial court erred in admitting evidence of prior crimes and that such error was not harmless.
By order dated August 10, 2004, we granted the Commonwealth’s petition for a rehearing en banc, stayed the mandate of that decision, and reinstated the appeal. Upon rehearing this case en banc, we reverse Gonzales’ convictions.
I. BACKGROUND
Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Juares v. Commonwealth, 26 Va.App. 154, 156, 493 S.E.2d 677, 678 (1997).
So viewed, the evidence established that appellant made an appointment with Naomi Parrish (Parrish) in response to her advertisement as a dancer performing “fantasy shows, private dancing, bachelor parties.” Parrish provided him with di *379 rections to her apartment. When appellant arrived at her apartment, Parrish took him to a bedroom where she told him the price for dancing was $150 for one-half hour, and $190 for an hour. She testified that sex was not discussed at this time. Appellant handed Parrish $80, which she said was unacceptable, and she handed appellant’s money back to him. He slammed the bedroom door shut. Parrish told him to leave. He said no and blocked the door. Appellant said he wanted “this sh.. now,” which Parrish testified had a “sexual implication like he wanted to have intercourse with [her].” She asked him not to harm her, and tried to talk him into letting her leave, to which he responded “hell no.” Appellant pushed her onto the bed, pinned her down, and told her to take the money. She responded “I don’t do that, I’m just a dancer.” He then raped and sodomized her. Afterwards appellant apologized, said a girlfriend had left him, and he had been abducted by his father.
Appellant later telephoned Parrish, and she provided his telephone number to police. Parrish and the police made a sting call to appellant during which he stated that he raped her as an “emotional outlet” after being “deceived” by his girlfriend and that he was very sorry. In a later phone call appellant asked her to forgive him and said that he had called a rape crisis hotline. When asked about his apologetic tone later, appellant stated that he was not apologizing for raping her, but because he still owed her $180. At trial, appellant denied that he raped her and testified they had consensual sex.
During a pretrial motion in limine, the Commonwealth moved to admit the testimony of two women who described similar crimes allegedly committed by appellant. At the hearing, the prosecutor acknowledged that the evidence was not offered to show identity. Instead, the Commonwealth stated:
[COMMONWEALTH]: Your Honor, I’m seeking to have this evidence admitted to show the conduct of the Defendant towards the victim in this case, and I would ...
*380 THE COURT: Is that intent?
[COMMONWEALTH]: It is intent being that this — defense — it’s my belief, -will be based on these statements— that this is a consensual encounter meaning that she’s ...
THE COURT: She contracts for this and she is volunteering for it.
[COMMONWEALTH]: Absolutely — and that this would show — the fact that he has done this not with just Ms. Parrish but with two other escorts that he went there -with the intent of raping her. Under the guise of going there as, you know, sort of a business deal if you will, but he goes there really with the intent — that’s how he gains access is by making this arrangement for an appointment — and goes there and immediately jumps upon these women and rapes them and forces himself on them — that that is his intent is to go there to rape these women, to force himself on them.
The trial court allowed the evidence of the similar crimes. A jury convicted appellant of sodomy and rape and sentenced him to a total of twenty years.
II. ANALYSIS
On appeal, appellant contends the trial court erred in admitting evidence of similar crimes to show his intent to rape Parrish, because his intent is not an element of the crime charged. We agree.
“The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.” Blain v. Commonwealth, 7 Va.App. 10, 16, 371 S.E.2d 838, 842 (1988). However, “[b]y definition, when the trial court makes an error of law, an abuse of discretion occurs.” Bass v. Commonwealth, 31 Va.App. 373, 382, 523 S.E.2d 534, 539 (2000).
Evidence that the accused committed other crimes is generally inadmissible to prove guilt of the crime for which the accused is on trial, even if the other crimes are of the same nature as the crime charged in the indictment. See *381 Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). “The purpose of this rule is to prevent confusion of offenses, unfair surprise to the defendant and a suggestion of ‘criminal propensity,’ thus preserving the ‘presumption of innocence.’ ” Crump v. Commonwealth, 13 Va. App. 286, 289, 411 S.E.2d 238, 240 (1991) (quoting Lewis v. Commonwealth, 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983)). However, this general rule “must sometimes yield to society’s interest in the truth-finding process, and numerous exceptions allow evidence of prior misconduct whenever the legitimate probative value outweighs the incidental prejudice to the accused.” Dunbar v. Commonwealth, 29 Va.App. 387, 390, 512 S.E.2d 823, 825 (1999) (citing Wilkins v. Commonwealth, 18 Va.App. 293, 297, 443 S.E.2d 440, 443 (1994)). Evidence of similar crimes may be admissible to show the intent, or identity of the accused when these are in issue.[1] See Kirkpatrick, 211 Va. at 272, 176 S.E.2d at 805.
This case is controlled by the recently decided case of Commonwealth v. Minor, 267 Va. 166, 591 S.E.2d 61 (2004). On strikingly similar facts, the Supreme Court held that testimony of prior victims of similar sexual crimes was inadmissible to show the intent of the appellant toward the victim. As in this case, the only issue in dispute at trial was whether the sexual acts were consensual or forced.[2] In addressing *382 whether the evidence was admissible to show intent, the Court reasoned that “a defendant’s intent to commit the crime of rape is not the same issue as whether a victim consented to sexual intercourse. Those two issues are distinct and should not be blurred.” Id. at 173, 591 S.E.2d at 66. Thus, the Court further held as follows:
“Although proof of rape requires proof of intent, the required intent is established upon proof that the accused knowingly and intentionally committed the acts constituting the elements of rape. The elements of rape ... consist of engaging in sexual intercourse with the victim, against her will, by force, threat, or intimidation.”
Id. (quoting Clifton v. Commonwealth, 22 Va.App. 178, 184, 468 S.E.2d 155, 158 (1996)). The Court in Minor thus recognized that the crime of rape does not require proof that the defendant harbor a specific intent to have intercourse without the victim’s consent, only the general intent evidenced by the act of committing the offense itself. The lack of consent required for rape involves the victim’s mental state, not the defendant’s. See id. The Court also noted that:
[Ejvidence showing that a defendant committed similar sexual offenses against an individual other than the victim in a particular case is, on occasion, admissible to prove certain contested matters, such as a defendant’s identity or the attitude of a defendant toward a victim, provided the proba *383 tive value of the evidence outweighs its prejudicial effect. Indeed, if the evidence of other similar offenses had been offered as proof on a contested issue about the defendant’s identity in these offenses, that evidence would likely have been admissible.
Id. at 174, 591 S.E.2d at 67 (internal citations and quotations omitted).
The Court thus held that the evidence of other crimes was inadmissible:
In our view, evidence showing that a defendant raped one or more individuals other than the victim in the crime charged is generally not relevant to the question whether that victim did or did not consent to sexual intercourse with the defendant. This is so because the fact that one woman was raped has no tendency to prove that another woman did not consent.
Id. at 175, 591 S.E.2d at 67 (internal citations and quotations omitted).
The dissent mistakes the requisite elements of the offense of rape. As the Supreme Court stated as long ago as 1886, “[wjhenever there is a carnal connection, and no consent in fact ... there is evidently, in the wrongful act itself, all the force which the law demands as an element of the crime.” Bailey v. Commonwealth, 82 Va. 107, 111 (1886). In other words, “[t]o determine whether the element of force has been proved in the crime [of rape], the inquiry is whether the act or acts were effected with or without the victim’s consent.” Jones v. Commonwealth, 219 Va. 983, 986, 252 S.E.2d 370, 372 (1979). Thus, if the victim did not consent, the specific issue in the instant case, the use of force is shown by the act of non-consensual intercourse itself. Thus, the dissent’s argument that the “lack of consent” of the victim equates to a requirement to show the defendant’s “intent” to use force does not track clear Virginia precedent.
For the foregoing reasons, we hold that the evidence of prior crimes was inadmissible in this case. Evidence of other *384 similar crimes is inadmissible to show intent when it is not an element of the offense charged.
III. HARMLESS ERROR
The Commonwealth contends that even if the trial judge erred, such error was harmless. We disagree.
The standard for non-constitutional error is established in Virginia’s harmless error statute, Code § 8.01-678, which provides, in pertinent part:
When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed ... [f]or any ... defect, imperfection, or omission in the record, or for any error committed on the trial.
Additionally,
Code § 8.01-678 has been applied in both criminal and civil cases. In a criminal case, it is implicit that, in order to determine whether there has been a fair trial on the merits and whether substantial justice has been reached, a reviewing court must decide whether the alleged error substantially influenced the jury. If it did not, the error is harmless.
Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E.2d 728, 731 (2001) (internal citations and quotations omitted). Our Supreme Court has applied the following standard adopted in Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946), to non-constitutional error:
If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand____But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights *385 were not affected____If so, or if one is left in grave doubt, the conviction cannot stand.
Id. at 764-65, 66 S.Ct. at 1248 (internal citations omitted).
Applying this standard and Code § 8.01-678, we cannot say on this record that the trial court’s admission of the testimony of similar crimes was harmless. One of the witnesses, S.B., testified that she was a prostitute and appellant was a “regular customer” who on one occasion acted in a manner similar to that described at trial. She also testified that on other occasions he was “fine.” The second witness, N.S., testified that she was an escort who had arranged a meeting with appellant and was attacked in a manner similar to that alleged in this case. The testimony of the two women was highly prejudicial and encouraged the inference that because appellant committed similar crimes in the past, he likely committed the crimes charged in this case.[3] See, e.g., Foster v. Commonwealth, 5 Va.App. 316, 320, 362 S.E.2d 745, 747 (1987) (reversible error to admit testimony of other sexual offenses); see also Guill v. Commonwealth, 255 Va. 134, 141-42, 495 S.E.2d 489, 493 (1998) (holding that evidence of a prior crime “was inadmissible and had no probative value,” concluding that the judgment should be reversed because “its admission caused undue prejudice to the defendant”); Donahue v. Commonwealth, 225 Va. 145, 156, 300 S.E.2d 768, 774 (1983) (“ ‘Since we have no way of knowing the effect the court’s admission of testimony as to defendant’s prior bad acts ... had upon the minds of the jury, we cannot say that the error was not prejudicial.’ ” (quoting Eccles v. Commonwealth, 214 Va. 20, 22-23, 197 S.E.2d 332, 333 (1973) (omission in origi *386 nal))); Knick v. Commonwealth, 15 Va.App. 103, 105, 421 S.E.2d 479, 481 (1992) (“Because the jury erroneously heard testimony about the defendant’s prior bad acts, which included assaulting and pulling a gun on his former wife, we cannot say that it plainly appears from the record that defendant has had ‘ “a fair trial on the merits and substantial justice has been reached.” ’ ”).
Accordingly, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

Reversed.

. The identity of the accused is not an issue in this case. Appellant admitted at trial there was sexual contact with the victim but said it was consensual.

. The Commonwealth, however, contends that intent was at issue in this case because Gonzales “denied engaging in sexual intercourse with the victim at all.” The dissent similarly argues that proof of Gonzales’ other crimes should be admissible because, inter alia, Gonzales disputed “whether the event had occurred." However, any such statement that could be construed as a "denial” was made pretrial and was not the posture of the case at trial. As we have noted, however, "[i]f evidence of another crime is offered ostensibly to prove intent, it is still not admissible if the actual issue is ... commission of the act itself.” Foster v. Commonwealth, 5 Va.App. 316, 323, 362 S.E.2d 745, 749 (1987) (emphasis added) (citing Henderson v. Commonwealth, 5 Va.App. 125, 129, 360 S.E.2d 876, 878 (1987)); see also Blaylock v. Commonwealth, 26 Va.App. 579, 496 S.E.2d 97 (1998). Here, the fact placed at *382 issue by Gonzales’ pretrial statements was "commission of the act itself,” not whether the act, if committed, was committed intentionally. Thus, the Commonwealth could not use proof of the other alleged crimes — under the guise of proof of intent — as a bootstrap for proving that Gonzales committed this particular act. See Foster, 5 Va.App. at 320, 362 S.E.2d at 747 (trial court erred in admitting evidence of a separate sexual assault because the evidence “merely showed that [the defendant] had a propensity to commit this type of crime,” which "is precisely what the prosecution is not allowed to show in a criminal case”); see also Hill v. Commonwealth, 17 Va.App. 480, 486, 438 S.E.2d 296, 300 (1993) (noting that the nexus between a prior criminal act and the current charge "must be greater than a basic recitation of the fact that intent is an element of the crime,” reasoning that "[t]o conclude otherwise is to allow the exception in Kirkpatrick to swallow the general rule” that evidence of prior crimes is inadmissible).

. Indeed, the Commonwealth implicitly conceded during closing arguments that admission of the other women’s testimony would affect the verdict, informing the jury that the other women were called to testify "because without them, maybe you could say okay, maybe this was a fee dispute. Maybe ... she didn't get the money that she wanted. Maybe this was rough sex. But you know that’s not the case because you heard from them, this is what he does.” (Emphasis added). Additionally, while the dissent rests its assertion that any error was harmless based on the "numerous and compelling admissions” of the appellant, this misstates the record which is equivocal at best.