COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Kelsey and McClanahan
Argued at Alexandria, Virginia


JAMES ARCHER MARTIN
                                                    MEMORANDUM OPINION* BY
v.        Record No. 1966-04-4                      JUDGE D. ARTHUR KELSEY
                                                       SEPTEMBER 6, 2005
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                     Joseph E. Spruill, Jr., Judge Designate

            Robert J. Cunningham, Jr. (Whitestone, Brent, Young &
            Merril, P.C., on brief), for appellant.

            Josephine F. Whalen, Assistant Attorney General (Judith W.
            Jagdmann, Attorney General, on brief), for appellee.


        The trial court found James Archer Martin guilty of aggravated sexual battery of an

eight-year-old boy in violation of Code § 18.2-67.3(A)(1).  Martin appeals, claiming a right to an

acquittal as a matter of law because he did not force the boy to engage in the sexual act and, in

fact, the boy did so willingly.  We disagree.  Given the child's age, he could not legally consent

and thus constructive force existed as a matter of law.

                                            I.

        Martin stipulated to the evidence in the trial court.  Martin, a fourteen-year-old boy,

admitted asking the victim, an eight-year-old boy, to masturbate him.  After Martin demonstrated

what he wanted done, the victim manipulated Martin's penis until he ejaculated.  No evidence

_____
        Pursuant to Code § 17.1-413, this opinion is not designated for publication.

suggested Martin used violence or any form of physical compulsion to overcome the victim's will.  The offense took place in February 2003.

On *de novo* appeal from the juvenile and domestic relations district court, the circuit court convicted Martin of aggravated sexual battery under former Code § 18.2-67.3(A)(1).  On appeal to us, Martin admits he caused the eight-year-old boy to perform the requested sexual act.  That does not make him guilty of sexual abuse, Martin claims, because he did not force the boy to do it.  The sexual encounter, he says, was entirely consensual.

II.

Former Code § 18.2-67.3(A)(1) says nothing about force.  In 2003, that statute provided merely that an "accused shall be guilty of aggravated sexual battery if he or she sexually abuses the complaining witness" and the "complaining witness is less than thirteen years of age . . . ."[1]  The very next subsection, A(2), specifically required force or its functional equivalent (threats, intimidation, mental incapacity, or physical helplessness) for sexual abuse of a victim thirteen to fifteen years old.  Despite the conspicuous absence of force from A(1) and its equally conspicuous presence in A(2), Martin nonetheless argues that A(1) also required a showing of force.  He reaches this conclusion by consulting a definitional statute, former Code § 18.2-67.10(6)(b), which defined "sexual abuse" generally to include cases where the accused "forces the complaining witness" to touch the accused's genitals.

We do not believe the General Assembly intended a general definitional statute to negate a purposefully crafted distinction set out in a specific statute outlining the elements of the offense.  If we were to accept that conclusion, we could only do so by violating longstanding

---

[1] The General Assembly has amended several of Virginia's sexual abuse statutes, including Code §§ 18.2-67.3 and 18.2-67.10, during the last two legislative sessions.  We necessarily decide the case, however, based upon the statutory language in effect in 2003.  All of our statutory quotes, therefore, reflect the texts applicable at the time of the offense.

principles of statutory construction. As has been often said, seemingly incongruent statutes "capable of coexistence" should be read harmoniously so that each retains meaning and neither is rendered illusory. Seaton v. Commonwealth, 42 Va. App. 739, 758-59, 595 S.E.2d 9, 18-19 (2004) (citation omitted). "And to the extent such harmony cannot be achieved, the more specific statute takes precedence over the more general one." Id.[2] Martin's interpretation violates both maxims by rendering the specific legislative distinction between A(1) and A(2) meaningless in this case through the use of a single word in a general definitional provision.

Instead, we believe the general definitional statute, former Code § 18.2-67.10(6)(b), and the specific statute setting forth the elements of Martin's offense, former Code § 18.2-67.3(A)(1), can be read harmoniously — so that neither statute negates the other, and both retain a substantive meaning consistent with established caselaw.

In the context of sexual crimes, when analyzing whether the "element of force" has been shown, "the inquiry is whether the act or acts were effected with or without the victim's consent." Gonzales v. Commonwealth, 45 Va. App. 375, 383, 611 S.E.2d 616, 620 (2005) (*en banc*) (quoting Jones v. Commonwealth, 219 Va. 983, 986, 252 S.E.2d 370, 372 (1979)). Absent legally recognized consent, "there is evidently, in the wrongful act itself, all the force which the law demands as an element of the crime." Bailey v. Commonwealth, 82 Va. 107, 111 (1886). If

---

[2] No Virginia case has ever suggested this canon does not apply to criminal statutes (cf. *post*, at 12-13), and we can think of no principled basis for it not to, particularly given its recognized applicability to statutes governing the death penalty. See, e.g., Powell v. Commonwealth, 261 Va. 512, 544, 552 S.E.2d 344, 362 (2001) (holding that the "established rule of statutory construction that when one statute speaks to a subject generally and another deals with an element of that subject specifically, the statutes will be harmonized, if possible, and if they conflict, the more specific statute prevails" (citation omitted)); Thomas v. Commonwealth, 244 Va. 1, 22-23, 419 S.E.2d 606, 618 (1992). See generally Commonwealth ex rel. Va. Dep't of Corrections v. Brown, 259 Va. 697, 706, 529 S.E.2d 96, 101 (2000); Griffin v. Commonwealth, 33 Va. App. 413, 429-30, 533 S.E.2d 653, 661 (2000).

no consent exists, therefore, "the use of force is shown by the act of non-consensual [sexual contact] itself." Gonzales, 45 Va. App. at 383, 611 S.E.2d at 620.

Virginia law has historically refused to recognize the consent of a victim under the age of fifteen — treating the child, as a matter of law, to be too emotionally and developmentally immature to engage in consensual sexual activities with another. Under that age, a child "cannot legally consent to the act, and *constructive force is present*, even though she does in fact consent." McBride v. Commonwealth, 44 Va. App. 526, 532, 605 S.E.2d 773, 775 (2004) (emphasis added) (quoting Buzzard v. Commonwealth, 134 Va. 641, 651, 114 S.E. 664, 666-67 (1922)). This constructive force concept has been a "fundamental tenet of Virginia law" governing sexual offenses. Id. As the Virginia Supreme Court has explained:

> It is true that force, actual or *constructive*, is essential to the crime
> of rape, and that there is no force where the female is legally
> capable of giving her consent, and does so. But in Virginia the age
> of consent is fifteen years. Under that age she cannot legally
> consent to the act, and *constructive force is present*, even though
> she does in fact consent.

Stump v. Commonwealth, 137 Va. 804, 807, 119 S.E. 72, 73 (1923) (emphasis added); see also Parsons v. Parker, 160 Va. 810, 814, 170 S.E. 1, 2 (1933). See generally Davis v. Commonwealth, 186 Va. 936, 946, 45 S.E.2d 167, 171 (1947) ("Under the law two types of force, active and constructive, are recognized.").

The legislature enacted the general definitional statute, former Code § 18.2-67.10(6)(b), against the backdrop of an unbroken line of judicial precedents recognizing the doctrine of constructive force in prosecutions of sexual offenses against minors. "We assume legislative familiarity with Virginia case law when the legislature enacts a statute which might impact upon that law." Dodson v. Potomac Mack Sales & Serv., 241 Va. 89, 94, 400 S.E.2d 178, 180 (1991); see also Waterman v. Halverson, 261 Va. 203, 207, 540 S.E.2d 867, 869 (2001). Nothing in former Code § 18.2-67.10(6)(b) — which defined "sexual abuse" generally — suggested the

- 4 -

legislature intended to discard the constructive force doctrine or to limit the concept of force only to displays of actual violence, threats, or other forms of physical compulsion. The word "force" in this general definition statute, therefore, necessarily retained the attributes of both actual and constructive force.

Only with that background can former Code § 18.2-67.3(A)(1) be understood. To the extent force is relevant at all to a subsection A(1) conviction — an assumption we make *arguendo* — it migrated into A(1) only through the general definition of "sexual abuse" found in former Code § 18.2-67.10(6)(b). And to the degree the general definition was imported into former Code § 18.2-67.3(A)(1) — which, unlike A(2), makes no mention of force — the imported definition carried with it principles of constructive force.

Martin argues our understanding fails to defer to the carefully chosen words of the statute. We think just the opposite is true. Martin's interpretation wholly obliterates the distinction between subsections A(1) and A(2), rendering it without any conceivable meaning in this case. If force means *only* actual force, then the absence of force as an element of the A(1) crime and its presence as an element of the A(2) crime would make no sense. On the other hand, it was entirely sensible for the legislature to employ the concept of constructive force in A(1) for victims younger than thirteen, while requiring a showing of actual force or its functional equivalent for a violation of A(2) for victims between thirteen and fifteen. Cf. Johnson v. Commonwealth, 5 Va. App. 529, 534, 365 S.E.2d 237, 240 (1988). No other interpretation preserves the legislative distinction drawn between former subsections A(1) and A(2).

Martin also contends that our reasoning defies the canon requiring that ambiguous penal statutes be strictly construed. We find this protest circular, because the alleged ambiguity arises only if we were to accept his misinterpretation of the statute. Quoting Justice Story, the Virginia Supreme Court has explained:

- 5 -

> Speaking of penal statutes, Mr. Justice Story, in <u>U.S. v. Winn</u>, 3 Sumner 209, says: "Where a word is used in a statute, which has various known significations, I know of no rule that requires the court to adopt one in preference to another, simply because it is more restrained, if the objects of the statute equally apply to the largest and broadest sense of the [word]. In short, it appears to me that the proper course in all these cases is to search out and follow the true intention of the Legislature, and to adopt that sense of the words which harmonizes best with the context, and promotes in the fullest manner the apparent policy and objects of the Legislature."

<u>Northrop & Wickham v. Richmond</u>, 105 Va. 335, 339-40, 53 S.E. 962, 963 (1906).[3] Put another way, the canon of strict construction of penal statutes does not "require magnified emphasis upon a single ambiguous word in order to give it a meaning contradictory to the fair import of the whole remaining language," <u>United States v. Brown</u>, 333 U.S. 18, 25-26 (1948) — which is exactly what Martin's discordant interpretation does.

### III.

We reject Martin's argument that the Commonwealth did not prove its case against him for aggravated sexual battery under former Code § 18.2-67.3(A)(1). The eight-year-old victim could not have legally consented, and thus, constructive force existed as a matter of law.

<u>Affirmed.</u>

---

[3] No canon of statutory construction "requires that a penal statute be strained and distorted in order to exclude conduct clearly intended to be within its scope — nor does any rule require that the act be given the 'narrowest meaning.'" <u>United States v. Raynor</u>, 302 U.S. 540, 552 (1938). So "whatever may be said of the rule of strict construction, it cannot provide a substitute for common sense, precedent, and legislative history." <u>United States v. Standard Oil Co.</u>, 384 U.S. 224, 225-26 (1966); <u>see</u> <u>also</u> <u>United States v. Brown</u>, 333 U.S. 18, 25-26 (1948) ("The canon in favor of strict construction is not an inexorable command to override common sense and evident statutory purpose.").

Elder, J., dissenting:

The version of Code § 18.2-67.3(A)(1) in effect at the time of the acts at issue, as further defined by Code § 18.2-67.10(6)(b), required proof that the victim's touching of the accused occurred because of some "force[]" exerted by the accused.[4] I believe basic principles of statutory construction compel the conclusion that proof of "constructive" force based solely on the age of the victim was insufficient to prove the requisite force under the applicable version of the statutes. Thus, I would reverse appellant's conviction and dismiss the complaint, and I respectfully dissent.

The version of Code § 18.2-67.3 in effect on February 28, 2003, when the offense at issue in this case took place, provided in relevant part as follows:

> A. An accused shall be guilty of aggravated sexual battery if he or she *sexually abuses* the complaining witness, and
>
> 1. The complaining witness is less than thirteen years of age, or
>
> 2. The act is accomplished against the will of the complaining witness, by force, threat or intimidation or through the use of the complaining witness's mental incapacity or physical helplessness, and
>
> a. The complaining witness is at least thirteen but less than fifteen years of age, or
>
> b. The accused causes serious bodily or mental injury to the complaining witness, or

_____

[4] Effective July 1, 2004, the General Assembly amended Code §§ 18.2-67.3 and 18.2-67.10. 2004 Va. Acts, chs. 741, 843. As a result of those amendments, a conviction for aggravated sexual battery of a complaining witness less than thirteen years old no longer requires proof of force. 2004 Va. Acts ch. 741. "If the complaining witness is under the age of 13," aggravated sexual battery may be proved by evidence that "the accused *causes* or *assists* the complaining witness to touch the accused's, the witness's own, or another person's intimate parts or material directly covering such intimate parts." Id. (emphasis added).

- 7 -

> c. The accused uses or threatens to use a dangerous
> weapon.

1993 Va. Acts, ch. 590 (emphasis added).

Here, because the victim was less than thirteen years old and the evidence did not involve injury to the victim or the use of or threat to use a dangerous weapon, <u>see</u> Code § 18.2-67.3(A)(2), appellant could be convicted only under subsection (A)(1) of Code § 18.2-67.3. A conviction under either part of subsection (A) required proof that appellant's acts toward the eight-year-old victim constituted "sexual abuse," defined in Code § 18.2-67.10(6) as

> an act committed with the intent to sexually molest, arouse, or
> gratify any person, where:
>
> a. The accused intentionally touches the complaining
> witness's intimate parts or material directly covering such intimate
> parts;
>
> b. The accused forces the complaining witness to touch the
> accused's, the witness's own, or another person's intimate parts or
> material directly covering such intimate parts; or
>
> c. The accused forces another person to touch the
> complaining witness's intimate parts or material directly covering
> such intimate parts.

1994 Va. Acts, ch. 568. Thus, Code § 18.2-67.3(A) specifically incorporated as an element of the offenses it proscribed that the behavior constituted sexual abuse, defined without regard to the age of the victim.

It was not disputed that appellant acted "with the intent to sexually molest, arouse, or gratify any person," the first element of sexual abuse, and the only type of touching established by the evidence was the complaining witness's touching of appellant's penis. Thus, we must examine whether the evidence proved, as required by subsection (b) of Code § 18.2-67.10(6), that "[t]he accused *force[d]* the complaining witness to touch the accused's . . . intimate parts or material directly covering such intimate parts." Code § 18.2-67.10(6)(b) (emphasis added).

The majority holds that constructive force was proved based solely on the youth of the victim and that this proof was sufficient to support appellant's conviction for violating Code § 18.2-67.3(A)(1). I believe basic principles of statutory construction compel a different result.

"'[T]he province of construction is wholly within the domain of ambiguity, and that which is plain needs no interpretation.'" Barnett v. D.L. Bromwell, Inc., 6 Va. App. 30, 34, 366 S.E.2d 271, 273 (1988) (quoting Winston v. City of Richmond, 196 Va. 403, 407-08, 83 S.E.2d 728, 731 (1954)). "[W]hen the General Assembly has used words that have a plain meaning, courts cannot give those words a construction that amounts to holding that the General Assembly meant something other than that which it actually expressed." Lee County v. Town of St. Charles, 264 Va. 344, 348, 568 S.E.2d 680, 682 (2002). When bound by the plain meaning of the language used, we are not permitted "to add or to subtract from the words used in the statute." Posey v. Commonwealth, 123 Va. 551, 553, 96 S.E. 771, 771 (1918). "We must . . . assume . . . the legislature chose, with care, the words it used when it enacted the relevant statute," Barr v. Town & Country Properties, Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990), and it is our duty "to give reasonable effect to every word," Jones v. Conwell, 227 Va. 176, 180-81, 314 S.E.2d 61, 64 (1984); Moyer v. Commonwealth, 33 Va. App. 8, 35, 531 S.E.2d 580, 593 (2000) (en banc).

Further, "[w]hen a penal statute is unclear, the statute must be strictly construed against the Commonwealth and in favor of an accused's liberty, and the accused is entitled to the benefit of any reasonable doubt concerning the statute's construction." Waldrop v. Commonwealth, 255 Va. 210, 214, 495 S.E.2d 822, 825 (1998). Before the accused can be punished, however offensive his conduct, "'his case must be plainly and unmistakably within the statute.'" Harward v. Commonwealth, 229 Va. 363, 365, 330 S.E.2d 89, 90 (1985) (quoting United States v. Lacher, 134 U.S. 624, 628, 10 S. Ct. 625, 626, 33 L. Ed. 1080, 1083 (1890)).

The plain language of subsection (b) of Code § 18.2-67.10(6) requires proof of some showing of "force" employed by the accused toward the victim to effect the proscribed touching. Where the criminal act alleged is that either the victim touched the accused, see Code § 18.2-67.10(6)(b), or a third party touched the victim, see Code § 18.2-67.10(6)(c), the General Assembly required proof that the "accused *force[d]*" the touching. Code § 18.2-67.10(6)(b), (c) (emphasis added). The language of subsection (6)(a), by contrast, does not require proof of force where the act establishing the sexual abuse is the "accused['s] intentional[] touch[ing of] the complaining witness's intimate parts or material directly covering such intimate parts." Code § 18.2-67.10(6)(a). In enacting subsection (6)(a), (b) and (c), the General Assembly clearly demonstrated that it knew how to define certain types of sexual touching without regard to whether they involved force or consent.

Principles of statutory construction prevent us from holding this element of force is established by proof of "constructive" force-- that the victim was beneath the common law age of consent. Subsection (A)(1) of Code § 18.2-67.3 already contains a requirement that the victim who has been "force[d]" to touch the accused must be less than thirteen years of age in order for the behavior to be punishable under that subsection. As set out above, under settled principles of statutory construction, we must try to give effect to every word in the statute. Because these statutes are penal in nature, we may not construe the requirement of force in Code § 18.2-67.10(6)(b), as incorporated into Code § 18.2-67.3(A) by reference, to be proved in every instance by the very same evidence used to establish an express element of Code § 18.2-67.3(A)--that the victim be "less than thirteen years of age," beneath the age of consent.

A comparison of the language in the applicable version of Code §§ 18.2-67.3 and 18.2-67.10(6) to the language in Code § 18.2-63 supports this result. In enacting Code § 18.2-63, the General Assembly criminalized the carnal knowledge of a child and provided

- 10 -

expressly that "a child under the age of thirteen years shall not be considered a consenting child" "[f]or purposes of this section." The General Assembly included no such provision in the version of Code § 18.2-67.3 or Code § 18.2-67.10 at issue here.[5] When the General Assembly amended Code § 18.2-67.10(6) *after* the offense at issue, it removed the requirement of force in the case of a victim under the age of thirteen, showing it knew how to make such a distinction but had previously failed to do so with regard to aggravated sexual battery of children under thirteen. The General Assembly's 2004 amendment of Code §§ 18.2-67.3 and 18.2-67.10 makes plain its intent to effect a substantive change in the statute, see, e.g., Waldrop, 255 Va. at 214, 495 S.E.2d at 825 ("[T]here is a presumption that a recodified statute does not make substantive changes in the former statute unless a contrary intent plainly appears in the recodified statute."), so as to clearly include a sexual touching involving a child under the age of thirteen in the realm of statutory crimes for which the presence of force or consent is irrelevant, much like statutory rape. Prior to that amendment, however, the portion of the statute under which appellant was convicted, strictly construed in favor of appellant's liberty, required proof of some type of force and was not satisfied by proof merely of the victim's young age.

---

[5] The majority relies on constructive force principles applicable at common law and attempts, without citation to controlling authority, to apply these principles to all sexual offenses involving minors. This case involves a statutory offense necessitating the application of accepted principles of statutory construction, to which I believe the majority gives insufficient deference. Where a statute proscribes certain behavior based on both the age of the victim and the fact that the act was accomplished using force, it would be incongruous to conclude that proving the victim was beneath the common-law age of consent also satisfied the express requirement of proving force. See, e.g., McBride v. Commonwealth, 44 Va. App., 526, 531, 605 S.E.2d 773, 775 (2004) ("By statute, an adult having sexual intercourse with a child thirteen years of age or older but under fifteen years of age either commits rape, if the act is accomplished by force, see Code § 18.2-61, or commits carnal knowledge, if the act is committed without the use of force, see Code § 18.2-63."). I do not believe the result should be any different in this case simply because the age requirement is contained in Code § 18.2-67.3(A)(1) and the force requirement is contained in Code § 18.2-67.10(6)'s definition of sexual abuse.

- 11 -

Further, any ambiguity in the statutes comes into play only when one compares the offenses proscribed by subsection (A)(1) of the aggravated battery statute, Code § 18.2-67.3, with those proscribed by subsection (A)(2). In applying subsection (A)(1) of the aggravated sexual battery statute, we may not ignore the element of force in the definition of sexual abuse in subsections (b) and (c) of Code § 18.2-67.10(6) simply because the inclusion of that element may overlap with the element of force contained in subsection (A)(2) of the aggravated sexual battery statute. The legislature's failure to more clearly delineate the differences in the two categories of aggravated sexual battery is ambiguous at best and cannot be used to save this conviction. We must construe Code § 18.2-67.3(A)(1) and Code § 18.2-67.10(6)(b) in favor of appellant's liberty, by requiring proof under the facts of this case that the complaining witness' touching of appellant's penis was accomplished by some force exerted by the accused.

Finally, I believe the majority misapplies the principle that, to the extent two statutes on the same subject cannot be harmonized, "the more specific statute takes precedence over the more general one." Seaton v. Commonwealth, 42 Va. App. 739, 758-59, 595 S.E.2d 9, 18-19 (2004); see also Powell v. Commonwealth, 261 Va. 512, 544, 552 S.E.2d 344, 362 (2001); Thomas v. Commonwealth, 244 Va. 1, 22-23, 419 S.E.2d 606, 618 (1992). Seaton, Powell, and Thomas, relied upon by the majority, did not involve a conflict in two statutes required to be read together in order to define *the elements* of a criminal offense. See Seaton, 42 Va. App. at 758-59, 595 S.E.2d at 18-19 (applying principle in context of resolving question about admissibility of evidence in penalty phase); see also Powell, 261 Va. at 544, 552 S.E.2d at 362 (applying principle in penalty rather than guilt phase, where court had "already determined that the conviction underlying [the] death sentence [would] be reversed," to conclude that provision of Code § 18.2-10 permitting punishment of death, life imprisonment, or life imprisonment plus a fine, controlled over Code § 19.2-264.4(D), which set out language to be used in jury verdict

- 12 -

form and included as only punishment options a sentence of life imprisonment or death; and holding defendant was entitled to "jury verdict forms with sentencing options that accurately and expressly correspond to the trial court's sentencing instruction"); Thomas, 244 Va. at 22-23, 419 S.E.2d at 618 (also applying principle in penalty phase). Where penal statutes defining the elements of a criminal offense conflict and cannot be harmonized, we must apply the paramount principle that penal statutes must be strictly construed against the Commonwealth, see Waldrop, 255 Va. at 214, 495 S.E.2d at 825. The fact that "sexual abuse" is defined in Code § 18.2-67.10(6) and incorporated by reference into Code § 18.2-67.3(A)'s definition of aggravated sexual battery does not justify the conclusion Code § 18.2-67.10(6) is a more general statute over which the language of Code § 18.2-67.3(A) takes precedence. We may not simply ignore a clear element of the crime of aggravated sexual battery under the guise of statutory construction. Cf. Coleman v. City of Richmond, 5 Va. App. 459, 466, 364 S.E.2d 239, 243 (A penal statute is unconstitutionally void-for-vagueness if it does not "'give the person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he may act accordingly.'" (quoting Grayned v. City of Rockford, 408 U.S. 104, 108-09, 92 S. Ct. 2294, 2298-99, 33 L. Ed. 2d 222 (1972)), reh'g denied, 6 Va. App. 296, 368 S.E.2d 298 (1988).

For these reasons, I would hold the version of Code § 18.2-67.3(A)(1) in effect at the time of the acts at issue, as further defined by Code § 18.2-67.10(6)(b), required proof that the victim's touching of the accused occurred because of some "force[]" exerted by the accused. Basic principles of statutory construction compel the conclusion that, however offensive Martin's conduct, proof of "constructive" force based on the age of the victim was insufficient to prove the requisite force under the applicable version of the statutes. Thus, I would reverse appellant's conviction and dismiss the complaint, and I respectfully dissent.

- 13 -